Hill vs. DeLaunay.

Harris, J.

LAW SCHOOL LIBRARY

---

William C. Hill, plaintiff in error, vs. Gustavus DeLaunay, defendant in error.

A motion to dismiss a levy is the proper remedy, and the party will not be driven to his affidavit of illegality, especially when all the facts are before the Court and none of them are disputed.

Motion to Dismiss Levy. In Stewart Superior Court. Decided by Judge Clarke. April Term, 1866.

A fi. fa. bearing date July 25th, 1861, in favor of De-Launay against Hill, was, on the 2d of November, 1865, levied by the sheriff upon certain property, real and personal, a part of which was the plantation upon which Hill then resided. The plantation was so described in the levy, as entered by the sheriff on the fi. fa.

At April Term, 1866, of Stewart Superior Court, Hill, the defendant in fi. fa., moved to dismiss the levy on the ground that the same was made on the 2d of November, 1865, it not appearing to the Court, on the face of the proceedings, that defendant resided out of the State, or was absconding or had absconded, or was removing or about to remove his property without the limits of the State or any county thereof.

The Court refused to entertain the motion; but dismissed the same on the ground that an affidavit of illegality was the only remedy.

W. A. HAWKINS, representing WIMBERLY, for plaintiff in error.

No appearance for defendant.

LUMPKIN, C. J.

Ought the Court to have sustained the plaintiff's motion on the ground that an affidavit of illegality by the defendant was the only remedy?

The proceeding by illegality, given by our statute, has been substituted for the writ of *Audita Querela* in England. Formerly, that writ was resorted to to correct all errors which are redressed here by illegality. The remedy by illegality is cumulative, not exclusive. In modern practice, the writ of *Audita Querela* has been superseded almost entirely by motion. *Bouvier's Law Dictionary, p.* 142, 2d clause, under the head of *Audita Querela:* and the same relief is now afforded by motion which was formerly granted by said writ. *Ibid, clause* 5; 4 *John. Rep.* 191.

Much more, in this State, should the proceeding by illegality be superseded by motion, which is more cheap and expeditious, especially where the facts are all before the Court and none of them disputed.

Let the judgment be reversed.