## MANNING *vs.* PHILLIPS *et al.*

Where the comptroller-general issued an execution against a tax collector and his securities, and the same was paid off by the latter, and subsequently levied upon the property of the principal for reimbursement, to which an illegality was filed setting up payment in full by the defendant to the plaintiffs, and the papers returned to Cobb superior court:

*Held*, that there was no error in dismissing the illegality as it was not the proper remedy.

Illegality. Tax. Jurisdiction. Before Judge LESTER. Cobb Superior Court. November Term, 1879.

Reported in the decision.

W. T., W. J. & R. WINN; C. D. PHILLIPS; GOBER & LESTER, for plaintiff in error.

D. & T. B. IRWIN; W. M. SESSIONS, for defendants.

HAWKINS, Justice.

The plaintiff in error was tax-collector for the county of Cobb for the year 1873, and recorded his bond in conformity to law with the defendants in error as his sureties.

On the thirtieth day of July, 1874, said Manning having failed to settle his accounts with the state, W. L. Goldsmith, the then comptroller-general, issued a *fi. fa.* for the sum of one thousand four hundred and fifty-six dollars and fifty-eight cents. On the eighth day of December, 1874, the sureties, B. Strippling, H. L. Bennett and H. G. Cole, paid to William D. Anderson, the attorney for the comptroller-general, the full amount of said *fi. fa.*, and had the same transferred to them.

In September, 1878, and on October 2d, the *fi. fa.* was caused by the sureties to be levied upon certain real and personal property of George ʻN. Manning, principal, for their reimbursement as his sureties.

On the third day of October, 1878, the said George N. Manning filed an affidavit of illegality, alleging, among other things, that since the payment and transfer of the *fi. fa.* by the comptroller-general to the defendants in error, said Manning had repaid to them the full amount of said *fi. fa.*, principal, interest and costs, which affidavit of illegality was accepted by the sheriff, and returned with his actings on the *fi. fa.* to Cobb superior court.

At the November term of Cobb superior court, when the cause was called and on trial, the plaintiffs in *fi. fa.* moved the court to dismiss the illegality upon the ground that if the plaintiff in error had any remedy it was not by illegality under our law.

The court sustained said motion, and dismissed the illegality upon the ground that it was not the proper remedy, the execution not having been issued from Cobb superior court. To which plaintiff in error excepts, and that is the error complained of.

The proceeding by illegality is a statutory remedy in Georgia, and was substituted in the place of the writ of *audita querela* in England. See 34 *Ga.*, 427; the writ of *andita querela* in England was a form of action which lies for a defendant to recall or prevent an execution on account of some matter occurring after judgment, amounting to a discharge. See 1 Bouv. Law Dic., page 169. One of the characters of the suit was that its venue was of the court issuing the execution, its province was to deal with its own judgment, and our legislature in adopting the illegality proceeding, seems to confine the office of illegality to executions and judgments issuing out of and returnable to the courts, and by express provision of law requires the illegality to be returned by the levying officer to the court from which it was issued. See Code, section 3664 *et seq.*

The *fi. fa.* in question was issued by no court, but by the comptroller-general, and whatever remedy the plaintiff in error may have, we are satisfied that the one by illegality is not the legal mode.

Let the judgment of the court below be affirmed.