### HARVEY *vs.* BOSWELL.

1. Where in an action for damages the witnesses differ as to the value of the property injured, the ordinary rules of weighing testimony, such as honesty, disinterestedness, opportunity for knowledge, and intelligence, should be resorted to before attempting to reach a satisfactory result by averaging the values sworn to.
2. The verdict is not contrary to evidence.

Damages. Verdict. Practice in the Superior Court. New trial. Before Judge BUTT. Talbot Superior Court. March Term, 1880.

Reported in the decision.

D. W. PORTER; M. BETHUNE; H. C. PEEPLES, for plaintiff in error.

WILLIS & WILLIS, by JNO. PEABODY, for defendant.

JACKSON, Chief Justice.

The plaintiff in error brought suit against the defendant for shooting a mule which had entered defendant's close. The action was brought under sections 1443 and 1445 of the Code, which require worm fences to be five feet high, and in the event any animal shall break into an enclosure with a lower fence, there shall be no recovery for the trespass committed by it, and if the owner of the close kill or injure the animal, the owner of the animal may recover three times the damage done him. The jury found for plaintiff twelve dollars, and he moved for a new trial on two grounds: first, that the court charged to the effect that the jury "could not ascertain the value of the mule by adding the several values of the several witnesses and dividing the same by the number of witnesses as to the value, unless they had failed by other methods."

1. We do not think that this charge is error. If a jury should so determine the value of the damaged property as the original and better mode of ascertaining it, one very high witnesses, in estimating it might control half a dozen low witness who all agreed in their estimate, and make the verdict double what it ought to have been from the testimony of all the half dozen equally intelligent and truthful with himself, or perhaps all more reliable and having greater opportunities of judging than himself. Such a rule would enable a bad party to raise or lower the verdict by his own testimony in the teeth of the concurrent testimony of other disinterested witnesses. We think, with the court below, that the ordinary rules of weighing testimony—such as honesty, disinterestedness, opportunity to know, and intelligence—should be exhausted before resort should be had to the mode proposed. The principle ruled in the case in 58 *Ga.*, 534,

would not authorize what the plaintiff in error seems to have desired the court to charge. This court in that case upheld a verdict which did not exactly accord with the amount sworn to by any one witness, but which was evidently a sort of compromise or average verdict ; but to uphold such a verdict as not contrary to the weight of the evidence is one thing, while to instruct the jury that striking an average of values is as good a way as any other of ascertaining the true value of a thing destroyed, without regard to the intelligence, capacity and disinterestedness of the various witness, is quite another thing.

2. The other ground is that the verdict is decidedly against the weight of evidence. In such a case, where the circuit judge is satisfied with the verdict, we are not at liberty to control the discretion with which the law invests him, unless that discretion is abused.

In this case the witnesses put the value of the mule from three or four to sixty or seventy-five dollars, and a verdict of twelve dollars is supported by the evidence. The mule seems to have been quite old and in bad plight —the fence complained of seems to have been a dividing fence between the former owner of the mule, who had sold the animal to plaintiff, and who appears to have worked the land on the other side perhaps, and while the verdict is small, the jury and presiding judge have passed upon the case with the light of witnesses in their immediate presence shining upon it, and the case must be very strong and clear to justify this court in unsettling their conclusions.

Judgment affirmed.