## CITY OF ATLANTA *v.* JACOBS.

1. An ordinance of the City of Atlanta which imposes a license tax on "fire or wreck sales of merchandise (unless the merchandise is salvage from fire or wreck in the City of Atlanta), no license to issue for less than the price of one year, to wit, $200.00," is discriminatory and void, because it exempts from the tax the sale of salvage from fires and wrecks occurring in the city.

2. When the only authority for the levy of a tax execution is an invalid municipal ordinance, the person against whom the execution is issued is not compelled to pay it and then resort to the courts in order to get his money back; but he may by an appropriate action contest with the municipality its right to enforce the collection of the tax; and if no remedy at law be provided for making this contest, he may appeal to equity to restrain by injunction the illegal attempt to enforce payment of the execution.

Submitted March 3,—Decided May 16, 1906.

Injunction.   Before Judge Pendleton.   Fulton superior court. November 25, 1905.

The plaintiff below, Morris Jacobs, instituted an equitable proceeding to enjoin the City of Atlanta from enforcing a fi. fa. issued against him to collect a license tax of $200 under an ordinance of the city imposing a business tax of that amount upon every person engaged in conducting "fire or wreck sales of merchandise" other than such as "is salvage from fire or wreck in the City of Atlanta." In his petition he thus stated his complaint: He is engaged in business in the city at No. 235 Peters street, having a minor interest in a clothing and millinery store of which M. Winer is the principal proprietor.   On May 4, 1905, a license was procured from the city for the purpose of carrying on this business, the license being issued in the name of Winer.   On or about May 6, the plaintiff, acting in his capacity as one of the proprietors of the business, advertised what is known as a "wreck sale," to take place between that date and May 14 from day to day, the goods advertised for sale consisting of clothing, hats, and other merchandise, for the privilege of selling which a license tax of $25 per annum or $6.25 per quarter is imposed by the city.   Plaintiff had paid the $6.25 tax required for the current quarter.   On May 6 he proceeded to conduct the advertised sale.   During the day he was served with a summons to appear before the recorder's court to answer the charge of doing business without a license.   On May 8, the clerk of the council issued a fi. fa. against him, as agent, for the sum of $200, as a license tax for conducting the sale above mentioned, notwithstanding he had paid his regular business license and was only selling the class of goods covered thereby.   The city marshal threatens to enforce this fi. fa., and plaintiff is without remedy to prevent a practical confiscation of his property unless the levy of the fi. fa. be enjoined, since under the law he is not permitted to file an

illegality thereto. This execution was issued under an ordinance of the city which purported to impose a license tax on "fire or wreck sales of merchandise (unless the merchandise is salvage from fire or wreck in the City of Atlanta), no license to issue for less than the price of one year, to wit, $200.00." The ordinance is invalid, unconstitutional, and void, being discriminatory in that it authorizes and protects one selling goods in Atlanta, without any license whatever, when the wreck or fire occurs within the city, but puts an extra license upon one selling the same class of goods in the same manner when the wreck or fire occurs outside of the corporate limits of that city. This ordinance is further objectionable for the reason that it prefers one class of citizens to another, and places upon the same class of business an extraordinary tax of $200 for conducting such business, which is a discrimination.

A demurrer was filed in behalf of the City of Atlanta, in which it took issue with the plaintiff as to the validity of the ordinance, and raised the point that even if the enforcement of the tax execution was illegal, the plaintiff's only remedy was to pay it and then bring suit to recover the money so paid; inasmuch as it did not appear from his petition that any multiplicity of suits or irreparable damage would be caused by the threatened levy, and the extraordinary remedy of injunction would not lie to restrain an alleged trespass, unless the trespasser was insolvent or irreparable damages would ensue. By way of answer, the city averred that the plaintiff was the real owner of the business conducted at No. 235 Peters street, and that the license issued to M. Winer did not authorize the plaintiff to carry on the clothing business in his own name, much less conduct what was commonly known as a "wreck sale." On the interlocutory hearing evidence was introduced to show that the plaintiff had advertised such a sale, to continue for eight days, beginning May 6, and was actually conducting the sale on that day, when he was served with a summons to appear before the recorder's court to answer the charge of doing business without a license. Under the evidence the plaintiff was unquestionably liable to pay the license tax of $200, provided the ordinance imposing a tax of that amount upon the business in which he was engaged was valid. The court granted the injunction prayed for, and the city excepted.

*J. L. Mayson* and *W. P. Hill,* for plaintiff in error.

*F. M. Hughes* and *Morris Macks,* contra.

EVANS, J. (After stating the facts.) 1. Our first inquiry will be directed to the validity of the ordinance by virtue of which the City of Atlanta claims the right to collect the license fee by execution against the defendant in error. The charter of the City of Atlanta confers upon the municipal corporation very broad powers of taxation to raise revenue for the city. Ample as the authority to tax may be, the city, in the exercise of its charter power, can not lawfully impose a tax by the enactment of an oppressive, unreasonable, or discriminatory ordinance. It is well settled that a license tax exacted as a privilege for engaging in a particular vocation, even though the vocation involves the sale of goods, wares, and merchandise, is not a tax upon property, but is a tax upon occupation, business, or employment. *Atlanta Nat. Asso.* v. *Stewart,* 109 *Ga.* 88-89, and cit. And it is not a valid objection to an ordinance requiring a license tax for conducting a named business that another business or occupation is not taxed, or is taxed a different amount. *Weaver* v. *State,* 89 *Ga.* 642. While the charter of the City of Atlanta confers the power "to classify business, trades, and professions carried on in said city, into such classes of subjects for taxation as may be just and proper," and also to "make a just and proper classification of business for taxation" (Anderson's Code of Atlanta, §§ 64, 65, 250), still, when the classification is made, it must operate alike on all persons and property belonging to such class. An ordinance which imposes a tax on non-resident traders without imposing a like tax on resident traders of the same class is discriminatory and void. *Gould* v. *Atlanta,* 55 *Ga.* 678. Would it be any the less discriminatory in scope or effect to impose a tax upon dealers in articles manufactured beyond the limits of the city and exempt the same class of articles manufactured in the city? In discussing the validity of the act imposing a tax on dealers in sewing-machines, this court recognized the principle that it was not a proper classification to tax dealers in articles made in one place and exempt dealers in the same class of articles from taxation if the article was manufactured in another place. The court, in upholding the validity of the law imposing the tax, said: "The tax is imposed upon the business of selling or dealing in sewing-machines in this State, irrespective of the State or country in

which the machines are manufactured." *Weaver* v. *State,* supra. See, also *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 123. In *Davis* v. *Macon,* 64 *Ga.* 128, the ordinance contained this provision: "Each person or firm (farmers selling their own produce excepted) retailing fresh or butcher's meat in the city, whether from stalls, stores, or by peddling the same on the streets, shall pay a license of $50.00." Its validity was attacked because it exempted from its operation farmers selling their own produce, but the ordinance was held to be valid against this objection, because the farmer, in the sale of his produce, which was only occasional and incidental to his calling, was not engaged in a separate and distinct business which was taxed by the ordinance. It can not be disputed that any attempt by a State to discriminate in its tax laws in favor of the property of its own citizens against the property of citizens of other States would be obnoxious to the constitution of the United States. Nor can the authority of the city in this respect be greater than the authority of the State. If the ordinance had in terms provided that a dealer in salvage from fires and wrecks occurring beyond the limits of the State should be taxed, while another dealer in salvage from fires and wrecks in the City of Atlanta should be exempt, the invalidity of the tax would be too apparent to admit of dispute. And yet, under this ordinance, a fire or wreck sale of merchandise is taxed if the fire or wreck occurred in another State, but the same kind of a sale is exempt from taxation if the salvage was from an Atlanta casualty. It is to be observed that the ordinance not only exempts the owner of the salvage at the time of the fire or wreck, but all persons engaged in conducting a sale of this kind where the subject-matter of the sale is salvage from an Atlanta fire or wreck. The ordinance undertakes to discriminate in favor of a particular species of property solely because of its location at a particular time. It is manifestly discriminatory, and for that reason invalid.

2. The remaining question is whether injunction is the proper remedy to prevent the enforcement of a tax imposed by this invalid ordinance. The general rule is that there should be no judicial interference with the collection of taxes. The Political Code, §926, which embodies this principle, has been held to be applicable to taxes due the State, and not to taxes imposed by counties or municipal corporations. *Vanover* v. *Davis,* 27 *Ga.* 354; *White* v. *State,* 51 *Ga.* 254; *Herrington* v. *Tolbert,* 110 *Ga.* 532. But this is not even

an effort on the part of the City of Atlanta to collect a tax; the ordinance by virtue of which the execution issued was void, and therefore there was no law authorizing the imposition of a tax. It was no tax, and any effort on the part of the city through its officers to enforce its collection would be nothing more than a trespass upon the property of one of its citizens. *Hewin* v. *Atlanta,* 121 *Ga.* 737. Where a municipal officer is attempting to collect money out of a person under the forms of law but without any valid law to authorize the process he uses and calls an execution for taxes, it is the duty of the courts, in a proper case made, to arrest the proceeding in some of the modes known to the law, and afford relief to the party justly complaining. *Southwestern Railroad* v. *Wright,* 68 *Ga.* 311. If this relief can be afforded through legal remedies, equity will not interfere by injunction. The only remedy at law, under our system of jurisprudence, which has been provided for the arresting of process by the person against whom it is directed is by affidavit of illegality. The remedy by illegality is purely statutory, and is only available in those instances and under those circumstances provided by law. *State* v. *Sallade,* 111 *Ga.* 702. The general statutes embodied in the Civil Code, §4736 et seq., providing for an illegality proceeding as a means for arresting an illegal levy, are confined to executions based upon judgments rendered by the courts. *Manning* v. *Phillips,* 65 *Ga.* 550. Neither the charter of the City of Atlanta nor any provision of the general law authorizes the testing of the validity of a tax execution by illegality. The execution in this case was issued by the clerk of the council and was made returnable to him. There is no provision of law for the return into court of such an execution in order that its validity may be attacked by illegality. Indeed it is conceded, in the answer of the defendant, that there is no provision of law for testing the validity of the execution by affidavit of illegality. Where this remedy is not provided by statute, injunction is the proper remedy. *Goldsmith* v. *Georgia R. Co.,* 62 *Ga.* 485; *Wright* v. *Southwestern R. Co.,* 64 *Ga.* 783. It is insisted that the defendant in execution might have paid the tax, under protest, into the treasury of the city, and then have instituted a suit to recover the money on the ground that it was illegally exacted from him. We do not think, however, that the law makes this unusual demand of the citizen. When the only authority for the levy of a tax execu-

tion is an invalid municipal ordinance, the person against whom the execution is issued is not compelled to pay it and then resort to the courts in order to get his money back, but he may, by an appropriate action, contest with the municipality its right to enforce the collection of the tax; and if no remedy at law be provided for making this contest, he may appeal to equity to restrain by injunction the illegal attempt to enforce payment of the execution.

*Judgment affirmed. All the Justices concur.*