### 13636.    COOK & KIMBRELL *v.* CITY OF COLQUITT.

STEPHENS, J. 1. The remedy by affidavit of illegality is purely statutory, and, as provided in the general statutes of this State (Civil Code of 1910, §. 5305 et seq.), applies only to the arrest of executions based upon judgments of courts, and not to the arrest of executions issued ex parte by some ministerial officer as a city clerk. See, in this connection, *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609); *Hill* v. *DeLaunay,* 34 *Ga.* 427; *Manning* v. *Phillips,* 65 *Ga.* 548; *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534).

2. There being no statutory provision for arresting by affidavit of illegality an execution issued by the city clerk of the City of Colquitt under the authority of section 21 of the act incorporating the City of Colquitt (Ga. L. 1915, p. 534), an affidavit of illegality, interposed to such an execution and returned to the superior court of Miller county, was properly dismissed.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED FEBRUARY 9, 1923.

Affidavit of illegality; from Miller superior court — Judge Worrill. April 27, 1922.

*W. I. Geer,* for plaintiff in error. *P. D. Rich,* contra.

---

### 13637.    RAINEY *v.* McFARLAND.

BELL, J. Although the plaintiff in error, who was defendant in the trial court, recites in his bill of exceptions that a verdict adverse to him was by the court directed, the sole assignment of error is upon the overruling of his motion for a new trial, which contained the general grounds only; and, since the evidence did not demand a verdict in his favor, such judgment must be affirmed.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED FEBRUARY 9, 1923.

Complaint; from Floyd superior court — Judge Nunnally. April 6, 1922.

*Porter & Mebane,* for plaintiff in error.

*Willingham, Wright & Covington,* contra.