## SOCIAL CIRCLE COTTON MILL COMPANY *v.* CITY OF SOCIAL CIRCLE *et al.*

1. The plaintiff's remedy for alleged excessive tax assessment and levy being adequate at law, it was not error to sustain a demurrer to a petition for injunction against further proceeding with an execution for municipal taxes.

Injunctions, 32 C. J. p. 57, n. 34; p. 265, n. 63.

Taxation, 37 Cyc. p. 1102, n. 17; p. 1134, n. 17; p. 1701, n. 63; p. 1741, n. 93.

30

2. Under the charter of the City of Social Circle, affidavit of illegality lies for trial of disputed tax assessments.

No. 5590.    JANUARY 11, 1927.

Petition for injunction.    Before Judge Fortson.    Walton superior court.    July 7, 1926.

*Roberts & Kelley,* for plaintiff.    *E. W. Roberts,* for defendants.

GILBERT, J.    The Social Circle Cotton Mill Company filed suit against the City of Social Circle, alleging in substance that said city through its chief of police had levied a tax execution upon the property of petitioner, and had advertised the same for sale, for the purpose of collecting taxes claimed to be due by petitioner to the city for the year 1925; that the property levied on was worth much more than the amount of taxes due or claimed to be due, and that therefore the levy was void because excessive; that the execution was void for the reason that the mayor and council of said city did not comply with the requirements of law as to making its tax levy by items showing the purpose of the tax and how much was levied for each purpose; that the amount so levied was far in excess of the lawful limit; that the charter of the city did not authorize the amount levied; that petitioner was willing and had offered to pay a just and legal tax, but defendant persisted in making it pay an unwarranted and illegal sum levied against its property, thus making it pay a larger percentage of assessment than others similarly situated; that the assessment was based upon the market value of the capital stock of said corporation instead of the actual value of its physical property, and that said valuation as fixed was a fraud upon petitioner, though honestly intended by the mayor and council.    Petitioner alleged it had no adequate remedy at law, and prayed equitable relief; that the city be enjoined from further proceeding with the tax execution; that the execution be canceled as a cloud upon petitioner's title; for a temporary injunction and general relief.    The defendant demurred generally, insisting that the petition set out no cause of action or any matter or thing of equity jurisdiction, and that plaintiff had an adequate remedy at law.    An answer was filed, and evidence was adduced.    The court rendered judgment, to wit: "The within petition for injunction . . is overruled and denied, and the restraining order heretofore granted is dissolved."    To this judgment plaintiff excepted.    Both parties treat this judgment as merely sustaining the demurrer to the petition and dismissing the case.    The brief of plaintiff in error

states that "the sole question to be decided here is whether or not the court erred in sustaining the demurrer."

1. The court did not err in sustaining the general demurrer to the petition on the ground that petitioner had an adequate remedy at law. In a similar case it was ruled: "If this relief can be afforded through legal remedies, equity will not interfere by injunction." *City of Atlanta* v. *Jacobs*, 125 *Ga.* 523, 528 (54 S. E. 534).

2. The charter of the City of Social Circle provides for the filing of an illegality for the trial of disputed tax assessments. Ga. Laws 1904, p. 635, § 34.

*Judgment affirmed. All the Justices concur.*