FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* WHITAKER.

No. 8316. APRIL 20, 1931.

*Houston White, John J. Poole,* and *Edwin M. Pearce Jr.,* for plaintiff in error.

*T. F. Bowden, Hewlett & Dennis,* and *Dillon, Calhoun & Dillon,* contra.

HILL, J. (After stating the foregoing facts.)

The demurrer to the petition raises the question as to whether the plaintiff has an adequate remedy at law by filing an affidavit of illegality to the execution issued by the commissioner of revenue of the State of Georgia. The trial court overruled the demurrer, thus holding that the plaintiff did not have an adequate remedy at law, but that an equitable petition would lie in order to test the validity of the fi. fa. issued by the commissioner of revenue of the State of Georgia. We are of the opinion that the court correctly decided that the plaintiff did not have an adequate remedy at law by affidavit of illegality. The remedy by affidavit of illegality is statutory, and applies generally only to the arrest of executions based upon judgments of courts, and not to the arrest of executions issued ex parte by a ministerial officer. *Manning* v. *Phillips, 65 Ga.* 548, 550; *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534).

The next question for consideration is whether or not the commissioner of revenue of the State of Georgia had authority to issue the fi. fa. for the collection of the cigar and cigarette taxes

under the act approved December 14, 1923 (Ga. L. Ex. Sess. 1923, pp. 13-18). Section 10 of that act, provides: "It shall be the duty of the commissioner of revenue to direct prosecutions instituted against any person or corporation subject to payment of any special taxes, who may refuse to pay said taxes upon demand of a deputy, to require the tax-collector of the county of the residence of such delinquent taxpayer to issue execution for the amount of the taxes shown to be due." Thus it appears that this act expressly authorizes the tax-collector of the county of the residence of the delinquent taxpayer to issue executions for cigar and cigarette taxes. This act was approved December 14, 1923, and repeals all conflicting laws. But it is insisted by plaintiff in error that under the common law of force in our State, and under an act approved July 16, 1903, an officer charged with the collection of a tax or license has the implied authority to issue executions against delinquent taxpayers; and therefore that the commissioner of revenue of the State of Georgia, being charged with the duty of collecting an occupation tax or license, had the implied authority to issue the fi. fa. in question. But it will be observed that the statute cited by the plaintiff in error was passed, and the decisions of the courts rendered pursuant to that statute, long before the creation°of the department of revenue in 1923. The substance of the act of 1903 is that it is the duty of the officer charged with the collection of occupation and license taxes to issue executions against such delinquent taxpayers, and it is insisted by plaintiff in error that since the commissioner of revenue for the State of Georgia now has the authority to collect the cigar and cigarette taxes, he has the authority by implication to issue executions for a failure to pay such taxes. If the legislature had not passed the act of 1923, specifying what officer should issue executions for failure to pay such taxes, there might be merit in this contention; but, as stated above, we have the express authority in section 10 of the act of 1923 to the tax-collector of the county where the delinquent taxpayer resides to issue execution for the amount of the taxes shown to be due. Implications are not favored by the law; and under the view we take of this case we do not have to rely upon implication, but to the express terms of the act itself, as contained in section 10 thereof. The legislature in passing the act leaves no room for doubt or speculation as to who should issue the execution. The

language of the statute is clear and unambiguous, and it is the duty of the courts in such cases to hold what has been clearly expressed, and the court has no authority to place a different construction upon it. See *Barnes* v. *Carter,* 120 *Ga.* 895, 898 (48 S. E. 387) ; *Floyd County* v. *Salmon,* 151 *Ga.* 315 (106 S. E. 280). In the *Barnes* case it was held: "When a law is clear and explicit and its provisions are susceptible of but one interpretation, its consequences, if evil, can only be avoided by a change of the law itself, to be effected by legislative and not by judicial action. Shellenberger *v.* Ransom, 25 L. R. A. 575 [41 Neb. 631, 59 N. W. 935]. It is an elementary rule of construction that when a statute is clear and unambiguous it will be held to mean what has been clearly expressed. The section of the code is so forcibly expressive of legislative intent that nothing is left for the court to declare but that this section means what its words clearly import." In the case of U. S. *v.* Fisher, 2 Cranch, 358 (2 L. ed. 304), which involved the construction of a Federal statute providing for the settlement of debts due the United States from receivers of public money, the Supreme Court said: "Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction."

We reach the conclusion that the execution should have been issued by the tax-collector of the county of the residence of defendant in error, and that R. E. Matheson, commissioner of revenue for the State of Georgia, issued the execution without authority, and the execution is therefore void; and the judgment granting the injunction under the agreed statement of facts should be affirmed.

■ In view of what has been held in the two preceding divisions of the opinion, it is unnecessary to decide whether the defendant in error is relieved from the execution and sale by reason of a discharge in bankruptcy granted to him in 1927.

*Judgment affirmed. All the Justices concur.*