### 22185. MEANS *v.* MYRICK.

STEPHENS, J. 1. There being no statutory provision for contesting the levy of executions for State and county taxes, issued by the tax-collector of a county, the levy of such an execution can not be arrested by affidavit of illegality. *Cook* v. *Colquitt,* 29 *Ga. App.* 494 (116 S. E. 37); *Manning* v. *Phillips,* 65 *Ga.* 548; *Fidelity & Casualty Co.* v. *Whitaker,* 172 *Ga.* 663 (158 S. E. 416). Nor is such remedy by affidavit of illegality applicable to arrest the levy of a tax execution, made for the benefit of a transferee thereof. *Manning* v. *Phillips,* 65 *Ga.* 548. Anything to the contrary in *Weems* v. *Stokes,* 66 *Ga.* 88, must yield to the decision in *Manning* v. *Phillips,* supra, which was rendered by a full bench and has not been overruled, but was followed in *Fidelity & Casualty Co.* v. *Whitaker,* supra.

2. This being a case in which an affidavit of illegality was interposed to a levy of a tax execution issued by the county tax-collector for the collection of State and county taxes, which execution had been transferred to the plaintiff, the court did not err, upon the trial of the issue formed by the affidavit of illegality, in directing a verdict for the plaintiff, finding the property subject and directing that the levy proceed, and in entering judgment accordingly. Direction is given, however, that the verdict and judgment be amended by substituting therefor a judgment dismissing the affidavit of illegality.

*Judgment affirmed with direction. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 12, 1933.

*Claude Christopher,* for plaintiff in error.
*A. M. Zellner, H. J. Kennedy, Shelby Myrick,* contra.