24574. LEDBETTER BROTHERS *v.* FARRAR.

STEPHENS, J.   1. Contrary to the general rule that only the plaintiff in execution or his attorney or some one by the plaintiff duly authorized has authority to transfer the execution, an officer whose duty it is to enforce an execution issued for state, county, and municipal taxes, or an execution lawfully issued without the judgment of a court, has authority, as provided by statute (Code of 1933, §§ 39-403, 92-7602; Code of 1910, § 1145), without the consent of the plaintiff in execution or the transferee thereof, to transfer the execution to any person paying the amount of the execution and requesting a transfer.   The rulings in *Hardwick* v. *Cash,* 140 *Ga.* 608 (79 S. E. 532), and *Shurley* v. *Black,* 156 *Ga.* 683 (119 S. E. 618), that a sheriff has no authority to transfer an execution, are applicable to executions issued on judgments in common-

law proceedings, but have no application to executions issued ex parte by the governing authorities for the collection of taxes, or any execution lawfully issued without the judgment of a court.

2. Where an execution issued for state, county, and school taxes, was levied for the benefit of one to whom the execution had been transferred by the sheriff whose duty it was to enforce the execution in behalf of a prior transferee, an affidavit of illegality to the levy, upon the ground that the transferee for whose benefit the execution was levied and to whom the sheriff had transferred the execution was not a transferee, because the sheriff had no authority to make the transfer, and that by the payment by the transferee of the amount of the execution to the sheriff the execution had been canceled, was without merit, and the court did not err in sustaining a general demurrer thereto. In *Blalock* v. *Buchanan*, 114 *Ga.* 564 (40 S. E. 717), and *Noles* v. *Few*, 155 *Ga.* 471 (2) (117 S. E. 374), where it was held that the sheriff had no authority to transfer a tax execution to a person who had paid to the sheriff the amount of the execution and had requested a transfer, the transferee had purchased the property at a sale held under an execution other than a tax execution, and the tax execution was a lien superior to the process under which the property was sold, and the money paid by the purchaser and which he sought to have applied upon the tax execution was a payment by him on the purchase-money which should be first applied to the superior lien represented by the tax execution, and therefore amounted to a payment of the tax. *Planters Warehouse Co.* v. *Simpson*, 164 *Ga.* 190, 196 (138 S. E. 55). These cases are clearly distinguishable. See *Means* v. *Myrick*, 46 *Ga. App.* 263 (167 S. E. 323) and *Atkinson* v. *Fitzgerald*, 46 *Ga. App.* 264 (167 S. E. 340).

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 16, 1935.

*Wright & Covington,* for plaintiffs in error.
*Maddox, Matthews & Owens, John W. Maddox,* contra.

