34316. GEORGIA POWER COMPANY *v.* SELMAN *et al.*
34317. GEORGIA POWER COMPANY *v.* THOMAS *et al.*

DECIDED DECEMBER 5, 1952.

*Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*S. W. Fariss,* contra.

FELTON, J. We think that the court was right in sustaining the motions to dismiss the affidavits of illegality. The provisions for affidavits of illegality are purely statutory and they cannot be employed unless the right is specifically given by statute. The Supreme Court of Georgia, in *Fidelity & Casualty Co.* v. *Whitaker,* 172 *Ga.* 663 (158 S. E. 416), and *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534), held that the remedy of illegality applies only to the arrest of executions based upon judgments of courts. In those cases the court cited *Manning* v. *Phillips,* 65 *Ga.* 549. Were it not for the rulings in the above cases, the writer, speaking for himself, would construe the holding in the *Phillips* case, supra, to mean that the remedy by affidavit of illegality applies to judgments and executions, whether the executions are based on judgments or not, so long as they are issued by courts and are returnable to courts. However, the Supreme Court has settled the issue and, since the award of appraisers in a condemnation proceeding is not a judgment of a court, an execution issued thereon may not be arrested by an affidavit of illegality. To say that such an award has the effect of a judgment is not sufficient to make it a judgment, because it is not rendered by a court. If anything less than the basis of a judgment can render an execution arrestable by affidavit of illegality, it will require legislative action to authorize it, unless the *Whitaker* and *Jacobs* cases are overruled. One illustration is an execution to foreclose a mortgage on personalty. The affidavit to foreclose cannot be called a judgment, so the legislature specifically authorized affidavits of illegality to arrest the executions based on the foreclosure affidavits. What has been said answers all of the arguments of the plaintiff in error but one, which is that the language of Code § 36-604 uses the words "award" and "final judgment" synonymously. We do not agree. The section reads: "If no appeal be entered within 10 days after the award is filed, or if the persons seeking condemnation shall fail to pay the amount of the award or final judgment, the clerk shall issue execution upon such award or judgment,

which may be·levied upon any property of the corporation or person condemning." What the section means is that, if the condemnor shall fail to pay the amount of the award, in the event no appeal from the award is taken, or shall fail to pay the final judgment, in case an appeal is taken and a verdict and final judgment are returned and rendered, execution shall issue. The section does not treat an award and a final judgment as being the same thing.

The court did not err in dismissing the affidavits of illegality. *Judgments affirmed. Sutton, C.J., and Worrill, J., concur.*