19866. MOORE, Sheriff *v.* HEARD.

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 12, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*Lavender & Griffith, Woodrow W. Lavender, Jack T. Griffith,* for plaintiff in error.
*Robert M. Heard, pro se, Payne & Heard,* contra.

ALMAND, Justice. The exceptions under review are to judgments overruling the demurrers of the defendant and granting the writ of mandamus absolute.

1. Robert M. Heard, by his petition, prayed that the defendant, L. A. Moore, Sheriff of Elbert County, be required to accept payment of taxes due under seven tax executions issued for four years in personam against certain described real estate of M. W. Thompson, and for three years in rem against the same property, and all legal costs connected therewith, and to transfer said executions to the petitioner. It was alleged that the defendant, as Sheriff of Elbert County, was proceeding to advertise the real estate described in the tax executions to satisfy the tax fi. fa.'s; that the petitioner tendered to the defendant payment in full of the tax executions, including interest and costs, and requested that these tax executions be transferred to him; that under Code

§ 92-7602, the petitioner had the right to make such tender and the defendant was under the duty of receiving such payment and of transferring said tax executions to the petitioner.

The demurrers asserted that the petitioner failed to set forth a cause of action, and showed no right in the plaintiff to any relief, and that the sale or transfer of the tax executions was a matter within the discretion of the defendant and could not be controlled by the writ of mandamus.

Executions for nonpayment of county taxes are issued by the tax collector and directed to the sheriffs and constables of this State. Code § 92-7401. When property that has not been returned by anyone has been assessed, it is the duty of the tax collector to issue an execution in rem, and the sheriff shall advertise it for sale; and if by the time of the sale day such taxes are not paid, he shall sell the same. Code § 92-8103. The sheriff alone has the duty of advertising and selling the property against which the tax execution is issued where the principal amount of the tax is in excess of $100. Code §§ 92-7406, 92-8102, 39-1101. Code § 92-7602 provides: "Whenever any person other than the person against whom the same has issued, shall pay any execution issued for State, county, or municipal taxes, the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same, transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer." A similar provision is found in Code § 39-403 as to the transfer of any executions issued without the judgment of a court. "Primarily, the State is interested only in receiving the taxes, and is indifferent as to who pays them." Powell on Actions for Land (rev. ed.) § 238, p. 258. See *Ledbetter Bros.* v. *Farrar,* 51 *Ga. App.* 742 (181 S. E. 591).

We think it plain from the above-cited statutes that the defendant sheriff was charged with the collection of the taxes covered by the tax executions, either by payment by anyone of the amount due, or by public sale of the property against which the executions were issued. When anyone tenders to him, before the actual sale of the property, payment of the principal, interest,

and costs covered by the tax executions, it is his legal duty to accept such payment and to transfer such tax executions to the party tendering payment. The court did not err in overruling the demurrers of the defendant.

2. The response raising no issue of fact and the defendant admitting a tender of payment in full of the tax executions by the plaintiff, and that the defendant refused to accept such tender, the court, upon the petition and answer, did not err in making the writ of mandamus absolute.

*Judgment affirmed. All the Justices concur.*