20417.   CITY OF CARROLLTON *et al.* v. WORD *et al.*

ARGUED APRIL 13, 1959—DECIDED MAY 8, 1959—
REHEARING DENIED JUNE 5, 1959.

*Robert D. Tisinger, Lamar Knight,* for plaintiffs in error.
*Shirley C. Boykin,* contra.

DUCKWORTH, Chief Justice. This opinion is a redraft of the original in order to answer questions raised in the motion for a rehearing. It is vitally important at the outset that recognition be given to the material fact that, in each of the following cases upon which the petitioners here strongly rely (*Montgomery* v. *Suttles,* 191 *Ga.* 781, 13 S. E. 2d 781; *Green* v. *Calhoun,* 204 *Ga.* 550, 50 S. E. 2d 209; *Hutchins* v. *Howard,* 211 *Ga.* 830, 89 S. E. 2d 183), county taxes rather than city taxes were involved. And that as to county tax executions the remedy of affidavit of illegality under Code Ch. 39-10 is not available. *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (54 S. E. 534); *Webb* v. *Newsom,* 138 *Ga.* 342 (75 S. E. 106); *Goolsby* v. *Board of Drainage Commissioners,* 156 *Ga.* 213 (6b) (119 S. E. 644). Whereas, under the charter of the City of Carrollton, affidavits of illegality are expressly made available. Ga. L. 1943, p. 1352. Section 2 of the charter provides that, "in order to provide fully an adequate remedy at law for any person, firm or corporation that may desire to contest said execution or fi. fa., said person, firm or corporation is hereby empowered to file an affidavit of illegality to said execution so issued by the authority of the City of Carrollton, which may be done under the same rules of law as now prevail in the Superior Courts of this State." ·

Where the charter of the City of Social Circle (Ga. L. 1904, p. 635, § 34) provided the remedy of affidavit of illegality to city tax executions to contest their validity, this court held: "The plaintiff's remedy for alleged excessive tax assessment and levy being adequate at law, it was not error to sustain a demurrer to a petition for injunction against further proceeding with an execution for municipal taxes." *Social Circle Cotton Mill Co.* v. *City of Social Circle,* 163 *Ga.* 465 (136 S. E. 432). This dedecision, being by a full bench, is controlling in the present case, which in all material respects is identical with that case.

In *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523, supra, a city tax

was involved, and it was held that the taxpayer was entitled to relief in equity solely because the charter of the City of Atlanta did not provide for the remedy of affidavit of illegality to test the validity of the taxes. It was there said, at page 528: "If this relief can be afforded through legal remedies, equity will not interfere by injunction. The only remedy at law, under our system of jurisprudence, which has been provided for the arresting of process by the person against whom it is directed is by affidavit of illegality. The remedy by illegality is purely statutory, and is only available in those instances and under those circumstances provided by law. *State* v. *Sallade*, 111 *Ga.* 702. The general statutes embodied in the Civil Code § 4736 et seq., providing for an illegality proceeding as a means for arresting an illegal levy, are confined to executions based upon judgments rendered by the courts. *Manning* v. *Phillips*, 65 *Ga.* 550. Neither the charter of the City of Atlanta nor any provision of the general law authorizes the testing of the validity of a tax execution by illegality. . . Where this remedy is not provided by statute, injunction is the proper remedy. *Goldsmith* v. *Georgia R. Co.*, 62 *Ga.* 485; *Wright* v. *Southwestern R. Co.*, 64 *Ga* 783."

As pointed out above, the remedy at law is provided by statute in the present case, hence equity has no jurisdiction. There is not a single alleged wrong or injury to these taxpayers which can not be adjudicated by a court of law when raised by the remedy provided by law, i.e., affidavit of illegality. For the foregoing reasons, the petition in equity, seeking to enjoin the city tax assessments, alleged no grounds for equitable relief and it was error to overrule the general demurrers thereto.

*Judgment reversed. All the Justices concur.*