21640. L. R. SAMS COMPANY, INC. v. HARDY, Commissioner, et al.

148

SUBMITTED MAY 14, 1962—DECIDED JUNE 13, 1962—
REHEARING DENIED JULY 11, 1962.

*J. Robert Cooper, William L. Norton, Jr.*, for plaintiff in error.
*Kenyon, Kenyon & Gunter*, contra.

GRICE, Justice. Alleging that the levy of a tax fi. fa. upon his property was excessive, the owner filed a petition against the municipal authorities to enjoin the sale of that property. That petition was dismissed upon oral motion and error was assigned upon that ruling.

L. R. Sams Company, Inc., filed suit in the Superior Court of Hall County, Georgia, against J. Milton Hardy and four other commissioners of the City of Gainesville, its secretary, chief of police and marshal. The material allegations of the petition follow.

A fi. fa. in favor of the city was issued against the plaintiff and was levied upon certain described real estate. The fi. fa. was in the amount of $1,230.46 and costs of $1.00, of which sum the plaintiff acknowledged owing $1,078.60. This amount, it alleged, was all that was legally due the city, the balance of $151.86 representing the amount of tax placed upon plaintiff's bales of cotton stored in its warehouse upon this property. It tendered the acknowledged amount to the city and continued to tender it at the time of filing its petition, which tender was refused. It asserted the invalidity of the tax, the unconstitutional application of the city's taxing power in that it was discriminating, confiscatory and prohibitive in stated particulars as to its business, and alleged " . . . the unconstitutionality of said statute and tax to be challenged in a separate suit before the proper court." Also, the plaintiff alleged that "tender to the City of Gainesville of the amount in question would be accepted by said party and that the question involved would become moot and further that tender of any amount whatsoever toward payment of said assessment would be an admission of the validity of said tax. Petitioner . . . is not required to do an unnecessary act, that is, tender payment of an illegal tax."

The property levied upon has a reasonable market value of approximately $50,000 and was assessed for city taxes in excess of $25,000. It is situated so as to be easily subdivided and "there is a sufficient amount of said property vacant and unused which property could be sold as a parcel from said tract and said parcel would be ample to bring the amount in question in said fi. fa. upon a judicial sale of said parcel." The levy was excessive and constitutes a cloud upon the title to the property. It was made without first asking plaintiff to point out and designate a sufficient amount of property to be levied upon to satisfy the fi. fa.

The city has advertised the property for public sale and, unless restrained and enjoined, will sell it. The sale will be void because of the excessive levy and will not provide a purchaser with good title. The plaintiff does not have a complete and adequate remedy at law, and unless equity intervenes, it will suffer irreparable loss and damage, will be deprived of its property without due process of law, and a multiplicity of suits will result.

The prayers included temporary and permanent injunctive relief against sale of the property levied upon and permanent injunction prohibiting excessive levy upon other property of the plaintiff. After dismissing the petition upon oral motion, the court granted a supersedeas.

1. Before appraising the legal sufficiency of the petition we must deal with a motion filed in this court by the plaintiff in error to amend its bill of exceptions. It seeks to insert in line 3, paragraph 3, the names and official capacities of the defendants in the court below and to designate them defendants in error. Since this appears in the record, the bill of exceptions is amendable and the motion is granted. *Code* § 6-1309 provides that "No writ of error shall be dismissed in the appellate court when, by an amendment to the bill of exceptions an imperfection or omission of necessary and proper allegations could be corrected from the record in the case." Cf. *Cannon v. Whiddon*, 194 Ga. 417 (3) (21 SE2d 850).

2. Returning to the petition itself, we deem it sufficient as against the oral motion to dismiss in the nature of a general demurrer.

The sufficiency of the petition is not due to the allegation that the officers made the levy without first asking the plaintiff to point out and designate a sufficient amount of property to be levied upon to satisfy the fi. fa., as contemplated by *Code* § 39-116. It is not essential to the validity of a levy that the defendant in fi. fa. point out the property to be levied upon. *Benson & Coleman v. Dyer,* 69 Ga. 190; *Douglas v. Singer Mfg. Co.,* 102 Ga. 560 (27 SE 664).

Rather, the petition states a cause of action because it alleges that the levy was excessive.

At the outset, it is significant that the charter of the City of Gainesville does not provide for an affidavit of illegality for resisting excessive levy. Therefore, the situation is different from that in *City of Carrollton v. Word,* 215 Ga. 104 (109 SE2d 37).

Plaintiff has, by continuing tender of the $1,078.60 admittedly due, complied with the rule that "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes a part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought." *Peoples Credit Clothing Co. v. City of Atlanta,* 173 Ga. 653 (160 SE 873).

The plaintiff made the essential allegations for relief against excessive levy. The fi. fa. for $1,230.46 was levied upon property which was valued no lower than $25,000. The property was capable of being so divided that a sufficient portion, vacant and unused, could be sold as a parcel to bring the amount of the fi. fa. As against an oral motion to dismiss, in the nature of a general demurrer, the allegations made in the instant petition are sufficient. They are analogous to those made in *Walker v. Maxwell,* 203 Ga. 393 (3) (46 SE2d 923), involving a similar situation. There this court held: "The petition sufficiently and definitely alleged, as against the general demurrer, that the personal property levied upon was capable of being so divided that a part thereof less than the whole could have been levied on and sold for an amount sufficient to satisfy the execution. If such allegations of the petition are true as they must be taken to be

when considered on general demurrer, the petitioner was at least entitled to have the question of excessiveness of the levy submitted to the jury, and upon proper proof thereof would be entitled to have the sheriff's sale . . . set aside." For further treatment, including a table of amounts of fi. fa., values of property, and the proportions, held to constitute excessive levy in cited cases, see Mitchell, Real Property in Georgia (2d Ed.), pp. 688-690.

Plaintiff is not, as contended here, required to allege illegality of the tax itself in order to obtain an injunction. It does not have to bear that burden. The tax is one thing. The levying of the fi. fa. another. A tax may be in compliance with all constitutional and statutory requirements and yet its attempted collection be contrary to them. A person need not remain idle and await sacrifice of his property at a forced sale brought on by an illegal levy merely because he does not demonstrate that a municipal ordinance enacting the tax is illegal.

Excessive levy of a fi. fa. is, in and of itself, a valid ground for relief against a subsequent sale of the property. Therefore, it is not necessary to determine whether the petition alleged that the tax was invalid. In *Thomas v. Crawford*, 175 Ga. 863 (166 SE 437), it was said: "The evidence demanded the finding that the levy made under the tax fi. fa. was excessive, and for that reason it was void. Any sale under a void levy is itself void. For that reason the court did not err in directing a verdict for the plaintiff [citations] . . . Other issues need not be decided, because the foregoing requires an affirmance of the judgment."

For the foregoing reasons, the dismissal of the petition was erroneous.

*Judgment reversed. All the Justices concur.*