## 47811. NEVELS v. CITY OF SALE CITY.

CLARK, Judge. This appeal by a property owner is from a dismissal of his attack upon the legality of the fi. fas. issued by a municipality for unpaid ad valorem taxes.

Acting in propria persona appellant filed a document in the superior court which he designated "Petition of Illegality" to which he attached his affidavit stating his property was being advertised for sale scheduled for January 4, 1972. Therein he challenged the validity of the proposed sale because "the fi. fa. and advertisement are void and illegal under the pre-vailing laws of the state and that the proceedings are challenged on the above grounds and also for the fact that the alleged fi. fa. does not set forth a figure in dollars and cents that plaintiff might owe said city" and further contended that the notice received by him from the city attorney was invalid. In form and content this document constituted an affidavit of illegality. After filing his superior court action he paid all taxes on the day the sale was scheduled to take place.

The City of Sale City filed a motion to dismiss the

proceeding on two grounds: (1) payment made the matter moot and (2) there was no cause of action. The municipality also filed a traverse denying the allegations contained in the affidavit. This was followed with a summary judgment motion stating the factual history and asking for dismissal. This presented again the question of mootness by reason of payment but the principal contention was the invalidity of the plaintiff's proceeding in that the charter of the City of Sale City did not provide for the filing of an affidavit of illegality in contesting the municipality's tax levies. The plaintiff filed no counter-affidavit in the summary judgment proceeding. The trial court ruled for the municipality and dismissed the action.

Upon appeal being brought City of Sale City filed two motions to dismiss in this court.

1. Appellee's first dismissal motion contends appellant has not complied with Code Ann. § 6-808 stating that "the clerk shall prepare and transmit the record within 20 days after the date of filing of the notice of appeal." It is true the record was not transmitted within the required time, which was due to non-payment of costs by the plaintiff. In March of 1972 this court and our Supreme Court amended the appellate rules to provide "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the appellate practice act relating to the . . . transmission of the record to this court unless objection thereto was made and ruled upon in the trial court prior to transmittal." Code Ann. § 24-3611 (c). As this ground was not raised in the trial court, it cannot be considered here and that dismissal motion is denied.

2. Appellee's second motion to dismiss is that plaintiff has failed to comply with Code Ann. § 24-3614 (a) which requires that "The enumeration of errors shall be filed

with the clerk of this court within 20 days after the case is docketed in his office." As the docketing date was November 6, 1972, and the enumeration of errors was filed on November 27, 1972, the filing was within the time allotted by law because November 26, 1972, fell on Sunday. Under Code Ann. § 102-102, paragraph 8, "if the last day shall fall on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise such privilege or to discharge such duty." Therefore, the filing of the enumeration of errors was timely and this motion to dismiss is overruled.

3. A reading of the Charter of the City of Sale City contained in Ga. L. 1910, pp. 1117 through 1142, and the amendment thereof in Ga. L. 1963, p. 2823, shows no provision for the contest of a tax levy by means of an affidavit of illegality. Under such circumstances the controlling precedent is *City of Carrollton v. Word,* 215 Ga. 104 (109 SE2d 37) and the authorities stated therein. These hold that absent the charter providing such remedy an affidavit of illegality is not the proper procedure for contesting a tax levy but the taxpayer must proceed by injunction. The trial court correctly entered its order of dismissal.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*
SUBMITTED JANUARY 4, 1973 — DECIDED FEBRUARY 2, 1973.

Lewis O. Nevels, *pro se.*
*Twitty & Twitty, Frank S. Twitty,* for appellee.