57120. CITY OF VARNELL et al. v. MAPLES et al.

McMURRAY, Judge.

This case involves an action for declaratory judgment to determine whether or not the lands of the plaintiffs had been incorporated into and become a part of the municipality known as City of Varnell. The defendants named in said action were the municipal corporation, the mayor and the duly elected aldermen and members of the city council of said municipal corporation. The city was incorporated in 1968 as a part of the County

of Whitfield, State of Georgia, and thereafter by amendment the corporate limits were changed (see Ga. L. 1972, pp. 2408, 2410). In said Act the corporate limits were described to include a tract of land (described by metes and bounds) in Land Lot 207, 11th District, 3rd Section, and in addition "all that area located in land lots Nos. 208, 207, 226, 227, 228, 241, 229, 205, 192, 169, 156 and 170 in said County, District and Section included with the boundaries aforesaid shall be incorporated in said City, and said City limits are hereby extended to include all such area and parts of lots aforesaid within the said City of Varnell."

A hearing was held in which evidence was presented. Based upon the fact that the city had adopted subdivision regulations, land use regulations, codes and other laws which governed the use of petitioner's land and because of the uncertainty as to the municipal limits the trial court held that from a reading of the statute "it is uncertain if all of the area within the enumerated land lots is to be annexed or if parts of the enumerated land lots are to be annexed. . ." and ". . .that the 1972 Act of the General Assembly, which sought to enlarge the corporate limits of the City of Varnell, is so indefinite, uncertain, and incomplete that the legislative intent can not be ascertained and given effect and that the Act is wholly inoperative." The defendants appeal. *Held:*

1. A reading of the Act discloses that all of the area located in the various land lots so stated (which included the lands of the petitioners) "shall be incorporated in said City, and said City limits are hereby extended to include all such area." The language is quite plain and unambiguous and shows plainly that the various land lots were incorporated in the City of Varnell. See *Barnes v. Carter,* 120 Ga. 895, 898 (48 SE 387); *Fidelity &c. Co. of New York v. Whitaker,* 172 Ga. 663, 667-668 (158 SE 416).

Whether or not the additional language "parts of lots aforesaid" was merely additional verbiage or referred to the portion of Land Lot 207 described by metes and bounds it is quite clear the legislation included the mentioned land lots in which petitioners' land lies in their entirety. But even so, a cardinal rule of construction is that the legislative intent shall be effectuated even

though some verbiage may have to be eliminated. See *Carroll v. Ragsdale,* 192 Ga. 118, 120 (15 SE2d 210). The trial court erred in holding the language of the statute to be indefinite and uncertain as to the area incorporated.

2. The above ruling effectively holds the declaration of the trial court as to the rights of the parties to be erroneous requiring a complete reversal of the case. The statute was clear and unambiguous and required no interpretation or further declaration of the rights of the parties.

*Judgment reversed. Deen, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED JANUARY 29, 1979 — REHEARING DENIED FEBRUARY 15, 1979 —

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, James H. Bisson, III, Erwin Mitchell,* for appellants.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips, Carl P. Rollins,* for appellees.