### 26319.   HILL v. BARTLETT.

ALMAND, Chief Justice. Charles W. Hill, a member of the State Bar, brought his equitable petition against Fred E. Bartlett, Jr., in his capacity as Recorder of the Police Court of the City of Albany. After a hearing, an order denying an interlocutory injunction was entered. This appeal is from that order.

His petition, in substance, alleged that on October 12, 1970, he was requested by the defendant recorder to report to his court at a specified time to represent an indigent defendant charged with violating an ordinance of the City of Albany. Because he failed to report at the time specified, he was adjudged in contempt of court and sentenced to pay a fine of $25 or serve eight days in prison. He was notified to report again on October 15, 1970, to represent an indigent party accused of violating the ordinances of the City of Albany. He alleged that the defendant recorder had no power or authority to command the plaintiff, or any other attorney, to appear in his court for the purpose of

appointing him to represent indigents in the recorder's court.

After a hearing, the court denied the prayer for an interlocutory injunction. At this hearing the defendant testified that in his opinion he had the power, and it was his duty to appoint counsel for all indigent defendants brought before him and after appointed, counsel would be required to serve unless he had a legal excuse for not serving.

The appellant's position is that the Recorder of the Police Court of the City of Albany has no legislative or inherent power to appoint counsel for indigent defendants charged with violating the ordinances of the City of Albany, and require him to represent such defendants.

The appellee's position is that the recorder's court has the inherent power to appoint counsel for indigent defendants charged with any criminal offense, in which a sentence of imprisonment might result, and that said appointed counsel was required to serve, unless he had some legal excuse not to do so.

Section 24 of the Charter of the City of Albany (Ga. L. 1923, p. 370) provides the office of city recorder with jurisdiction to try all offenders against the laws and ordinances of the city and to punish all persons convicted of violating such laws and ordinances by a fine not to exceed $200 or by imprisonment in the guardhouse or city prison, or by labor on the streets or public works, not to exceed 60 days. The police court was given the authority to investigate any charge involving the violation of the penal laws of Georgia. The recorder was given the power to punish for contempt of court by a fine not to exceed $25 or imprisonment not to exceed 10 days.

The decisive question in this case is whether the recorder is required to appoint counsel to represent, in the Recorder's Court of the City of Albany, an indigent defendant who is charged with violating the laws and ordinances of the City of Albany.

In our opinion the answer is in the negative. The court erred in not granting the relief prayed by the appellant.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 8, 1971—DECIDED MARCH 4, 1971—
REHEARING DENIED MARCH 18, 1971.

*Smith, Gardner, Wiggins, Geer & Brimberry, Charles F. Hatcher,* for appellant.

*Landau, Davis & Farkas, James V. Davis,* for appellee.