## 28641. DUNCAN v. RICKETTS.

ARGUED FEBRUARY 11, 1974 — DECIDED APRIL 16, 1974.

*James C. Bonner, Jr., Thomas West,* for appellant.
*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.

GRICE, Chief Justice.

Donald C. Duncan appeals from the order of the Superior Court of Butts County denying his petition for the writ of habeas corpus and remanding him to the custody of the respondent Dr. James G. Ricketts, Superintendent of the Georgia Diagnostic and Classification Center.

The essential allegation of the petition, and the only issue upon appeal, was that the petitioner was denied due process of law in that his parole was revoked without a hearing due to his failure to appear in the City Court of Atlanta for alleged traffic violations.

From the evidence presented upon the hearing it appears that the appellant was convicted of armed robbery in 1969, sentenced to twelve years and paroled on April 4, 1972; that on June 22, 1972 he was arrested by an Atlanta police officer for speeding, weaving across lines and DUI, for which he posted a $400 bond; that subsequently the DUI charges were dismissed and a portion of the bond representing the lesser charges was retained; that on July 18, 1972, when he failed to appear in court, his bond was forfeited; and that in August of 1972 his parole was revoked without a hearing and he was returned directly to the custody of the respondent.

The respondent argued that Code Ann. § 77-519 (Ga. L. 1943, pp. 185, 192; as amended 1965, pp. 478, 480) authorizes the Parole Board to revoke paroles without hearings in cases where the parolee is convicted of other

"crimes"; and that Code Ann. § 24-310a (Ga. L. 1966, pp. 381, 385) operated here to convert the bond forfeitures on the traffic violation charges into convictions.

Relying upon these statutes, the habeas corpus court concluded as a matter of law that the petitioner's constitutional rights were not violated in any way when his parole was revoked.

We do not agree.

As we view these statutes, they do not provide for the revocation of parole without a hearing as a result of the traffic violations here involved.

It is undisputed that a traffic violations bureau was created within the City Court of Atlanta under the authority of the Traffic Violations Bureau Act (Ga. L. 1966, p. 381; Code Ann. Ch. 24-3A). See Code of Ordinances, City of Atlanta, Sec. 9 1/2-2 (Ord. No. 1968-83, § 2, 12-16-68).

Section 10 of that Act (Code Ann. § 24-310a), cited by the habeas corpus court, merely establishes that cash bonds may be accepted for traffic offenses under the jurisdiction of the traffic violations bureau; and states that in the event of a failure to appear in court, the bond will be forfeited and the failure construed as an admission of guilt.

Code Ann. § 77-519, also relied upon by the habeas corpus court, provides in pertinent part that "As soon as practicable after the arrest of a person charged with the violation of the terms and conditions of his parole or conditional release, such parolee or conditional releasee shall appear before the board in person and a hearing shall be had . . . Provided, however, when a parolee or conditional releasee has been convicted of any crime, whether a felony or a misdemeanor, or has entered a plea of guilty thereto, in a court of record, his parole or conditional release may be revoked without a hearing before the State Board of Pardons and Paroles."

As we read the above statute, it limits the "crimes" authorizing parole revocation without a prior hearing to misdemeanors or felonies.

However, Code Ann. § 24-312a (b) (Ga. L. 1966, pp. 381, 387) recites that "Any traffic violation under the jurisdiction of the traffic violations bureau shall be

characterized as a traffic violation and shall not be considered as a misdemeanor." Clearly then, it cannot be construed to be a felony.

Thus the admission of guilt to a traffic offense under the jurisdiction of the traffic violations bureau, such as was involved here, whether by forfeiture of bond or by plea, is not one of the specified exceptions to the statutory mandate to provide a speedy hearing before the rescission of parole. It follows that the failure to hold such a hearing in the instant case was a denial of due process of law.

Therefore, the judgment must be reversed with direction that a hearing be held to determine whether the appellant has violated the terms and conditions of his parole so as to warrant its revocation.

*Judgment reversed with direction. All the Justices concur.*