## 29502. TURNER v. THE STATE.

HALL, Justice.

Turner appeals, arguing that his robbery conviction should be reversed because he was tried upon an indictment which did not specify the statutory provision he was accused of violating, and that subsequent to the effective date of Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269) trial upon such an indictment is unconstitutional. The argument is that Code Ann. § 26-601 providing that "A crime is a violation of a statute of this State. . ." has the effect of rendering unconstitutional an older statute, Code § 27-701 (Cobb, 833) which describes the form an indictment must take but does not require that it cite or name the statute violated. This constitutional argument must fail.

Code Ann. § 26-601 superseded the former § 26-201 which defined crime as a "violation of public law . . ." The purpose of the change was to make clear that only violations of state statutes, and not of municipal ordinances and administrative regulations, were crimes. Committee Notes on Chapter 26-6, Vol. 10, Code Ann. p. 59. However, in order to charge statutory offenses, indictments are not constitutionally required to cite or name the statute. If "[t]he indictment does not specify the section under which it is drawn, . . . the omission is immaterial. The offense charged is to be determined by the allegations." Hammer v. United States, 271 U. S. 620, 625 (46 SC 630, 70 LE 1118); accord, Russell v. United States, 369 U. S. 749, 766 (82 SC 1038, 8 LE2d 240); James v. United States, 416 F2d 467, 472 (5th Cir.), cert. den. 397 U. S. 907; *Lee v. State,* 184 Ga. 327 (2) (191 SE 256). There are no American Bar Association Standards for Criminal Justice dealing with this question. We note, however, that in the federal system it is required by rule that the statute violated be named in the indictment; *but* error in the citation or its omission is not ground for dismissal or reversal of the conviction unless the error or omission misled defendant to his prejudice. Fed. R. Crim. Proc. 7 (c). Turner makes no claim that this indictment as drawn was inadequate to apprise him of the charges against him. There was no constitutional infirmity, for any

reason here alleged, in Code Ann. § 27-701 before the passage of Code Ann. § 26-601; nor is there any now, as we have already impliedly held in *Richardson v. State,* 231 Ga. 295, 296 (201 SE2d 398).

The other point presented on this appeal concerns whether the trial court should have instructed the jury on the defense of entrapment. The state's evidence tended to show that Turner and one Foster mugged an apparent drunk standing on the street, wrenching from his arm his wristwatch and from his pocket a totally concealed five dollar bill, and then discovered to their dismay that he was not a drunk at all but Detective McBerry of the Atlanta Police Department's Anti-Robbery and Burglary Squad (sometimes referred to as the Decoy Squad), who summoned his "cover men" to his aid when Turner and Foster began dragging him across the street toward an alley. Turner's testimony was that he had been approached by Foster, a stranger, who was solicitous of the apparent drunk who was Foster's friend, and who feared that some men in an automobile planned to rob the drunk. Turner testified that he cooperated with Foster in taking the drunk by the arms for the purpose of taking him to a taxi at the nearby bus station, and he was then struck and arrested. Turner's defense was innocence; the defense of entrapment was not raised at trial, and no instruction on entrapment was requested. Consequently, the trial court did not err in failing to instruct on that defense. *White v. State,* 230 Ga. 327, 339 (196 SE2d 849). The contention on appeal is that such an instruction should be given even in the absence of a request "anytime an accusation is based on the participation of law enforcement officers . . ." This is not the Georgia law, nor that of any jurisdiction of which we know. Participation by the "Decoy Squad" is not entrapment *per se.* See *Brown v. State,* 132 Ga. App. 399, 400 (208 SE2d 183). There is no merit in Turner's second enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 30, 1974 — DECIDED JANUARY 29, 1975.

540

W. Earl Gheesling, for appellant.
Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, for appellee.