34874. MAPLES et al. v. CITY OF VARNELL et al.

HILL, Justice.

The City of Varnell was incorporated in 1968. It was located within Land Lots 208 and 225, 11th district and 3rd section, Whitfield County, Georgia. Ga. L. 1968, pp. 3065, 3067. By amendment, the corporate limits were enlarged in 1972. Ga. L. 1972, p. 2408.

Plaintiff landowners brought an action for declaratory judgment to determine whether their property was within or without the annexed area. The trial judge found the 1972 amendment to be so indefinite as to be wholly inoperative. The Court of Appeals reversed, holding that the amendment annexed 12 land lots into the City of Varnell. *City of Varnell v. Maples,* 149 Ga. App. 81, 82 (253 SE2d 413) (1979). We granted certiorari.[1]

The 1972 amendment should be read in its entirety. Nevertheless, as it is rather lengthy, we will summarize it here. The 1972 Act provides that the city limits shall also include the following property: Beginning at a point in land lot 207 on the south right of way line of Georgia Highway 2 where the highway intersects the present limits of the city [in land lot 208]; thence southeast along the south side of the highway to the Dalton-Cleveland Highway; continuing east along the south side of Highway 2 a distance of 1,500 feet; thence north 1,152.4 feet and west 1,500 feet around lands of Whitfield County Board of Education; thence south along the Dalton-Cleveland Highway to the intersection of the north right-of-way line of Highway 2; thence west along the north right of way line of Highway 2 to the present limits of the City of Varnell; and thence south across Highway 2 to the point of beginning; "and all that area located in land lot no's. 208, 207, 226, 227, 228, 241, 229, 205, 192, 169, 156 and 170 in said County, District and Section included with [sic] the boundaries aforesaid shall

---

[1]We do not consider Ga. L. 1979, p. 3243 (H. B. 844), to have rendered this case moot because it cannot resolve any tax questions for the years 1973—1979.

be incorporated in said City, and said City limits are hereby extended to include all such area and parts of lots aforesaid within the said City of Varnell."

The record in this case shows that the area described by metes and bounds (the Board of Education property and Highway 2) lies in Land Lots 207, 226, 227, 228, and 229, but not in the other land lots.

Whenever possible, the legislative intent should be effectuated rather than declare the Act as a whole inoperative. See *Carroll v. Ragsdale,* 192 Ga. 118 (15 SE 2d 210) (1941); compare *Warren v. Branan,* 109 Ga. 835 (2) (35 SE 383) (1899). In *Carroll v. Ragsdale,* supra, 192 Ga. at 120, the court said: "While all parts of the statute should be preserved, yet a cardinal rule of construction is that the legislative intent shall be effectuated, even though some verbiage may have to be eliminated. The legislative intent will prevail over the literal import of the words."

As we read the legislative intent of the Act in question, it was "stem" or "spoke annexation"; that is, it sought to annex the school board property by attaching it to the existing city limits by means of the highway (the spoke). See *City of Gainesville v. Hall County Bd. of Ed.,* 233 Ga. 77 (209 SE2d 637) (1974). If the intent of the legislature had been to annex the entirety of the twelve specified land lots, that could have been done by reference to the land lots themselves, and without reference to and description of the school board property and without the careful delineation along both sides of Highway 2. See *Belk v. Nance,* 232 Ga. 264, 266 (1) (206 SE2d 449) (1974) and cits.

The City of Varnell, as created in 1968, was located within two land lots. We do not find that it was the intent of the legislature in 1972 to add twelve land lots to the city.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1979 — DECIDED SEPTEMBER 7, 1979.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips, Carl P. Rollins,* for appellants.

*James H. Bisson, III,* for appellees.