## 61042. CLARK v. THE STATE.

BIRDSONG, Judge.

Appellant Clark was charged with operating a commercial business in a residential area, in violation of a Gwinnett County Planning and Zoning Ordinance. The judge of the recorder's court bound the case over to state court because Clark requested a jury trial. The state court remanded the case back to the recorder's court, on the basis that Clark was not entitled to a jury trial as he was charged with a violation of a county zoning ordinance and not a violation of state law. He appeals. *Held:*

We reverse. The enabling act of the Gwinnett County Recorder's Court at Ga. L. 1972, p. 3133, § 23, provides that ". . . The recorder on his own motion and within his sole discretion may bind over any case for trial and disposition . . . to the State or Superior Court of Gwinnett County where the offense would constitute a violation of a State law." At § 2, pp. 3125-3126 of the Act, it is provided that "said recorder's court shall have jurisdiction to hear and determine cases . . . involving violations of the ordinances of Gwinnett County," but this does not mean the court has *exclusive* jurisdiction of such cases. Moreover, the provision previously quoted gives concurrent jurisdiction to the state or superior court where the violation is a violation of state law. The violation in this case is not merely a violation of a county ordinance, but is specifically made a violation of state law by Acts 1957, pp. 420, 431 (Code Ann. § 69-9904). This state statute clearly provides "a violation of any ordinance or resolution adopted pursuant to . . . Chapter 69-12, relating to planning commissions, is hereby declared to be a misdemeanor, and upon conviction shall be punished as provided by law." (See also Code Ann. § 69-9903, a statute of parallel purpose which explicitly declares that certain  violations of ordinances enacted under Chapter 69-8, relating to zoning and planning in municipalities, "shall be held to be a misdemeanor *under the laws of the State,* and . . . shall be punished as for a misdemeanor and *any court of the county* having jurisdiction of misdemeanor cases *shall have jurisdiction to try such offenders and . . . to so punish them."*) (Emphasis supplied.)

In *Richardson v. State,* 231 Ga. 295 (201 SE2d 398), the Supreme Court plainly held that an indictment charging violation of a county zoning ordinance is a charge of a violation *"of state law* for failure to comply with local zoning ordinances," (emphasis supplied) which state law is Code Ann. § 69-9904 (Ga. L. 1957, p. 420, 431, § 12). We are not persuaded by appellee's implied, circular arguments that Code Ann. § 69-9904 is meaningless since the violation here is in violation of a county ordinance and punishable thereunder by a maximum

confinement of six months. This is precisely the situation Code Ann. §69-9904 does cover. Since this violation is a misdemeanor under state law (Code Ann. § 69-9904), the defendant is entitled to trial by jury. Constitution of the State of Georgia, Art. I, Sec. I, Par. XI (Code Ann. § 2-111).

Nothing to the contrary was held in *Guhl v. Pinkard,* 243 Ga. 129, 131 (252 SE2d 612); *Turner v. State,* 233 Ga. 538 (212 SE2d 370); or *Poole v. Stewart,* 228 Ga. 548 (186 SE2d 864), which were cited by the trial court below. *Guhl,* supra, involved a civil case. *Turner,* supra, is inapposite in that it does not involve a violation of a county zoning ordinance which is specifically made a violation of state law at Code Ann. § 69-9904. *Poole v. Stewart,* supra, is likewise inapposite because it does not involve violation of a county zoning ordinance. *Key v. Stewart,* 228 Ga. 516 (186 SE2d 739), is likewise inapposite because it involves right to trial by jury in recorder's court, which does not concern us because the recorder's court judge in this case did not offer a jury trial but correctly bound the case over to state court for such proceeding. *Hill v. Bartlett,* 227 Ga. 385 (181 SE2d 57), cited by the appellee, is inapposite because it similarly involves the defendant's rights in recorder's court. Moreover, nothing said in these cases can be extrapolated to the case at bar because, as we shall say again, Code Ann. § 69-9904 specifically makes violations of county zoning ordinance a misdemeanor *under state law. Richardson,* supra.

Appellant was therefore entitled to a trial by jury and the case was correctly bound over to state court by the recorder's court (see Ga. L. 1972, p. 3133, § 23). The state court erred in remanding the case.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 20, 1981 —
REHEARING DENIED FEBRUARY 11, 1981 —

*Winship E. Rees,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor,* for appellee.