### 74284. KELLER v. THE STATE.
(359 SE2d 714)

POPE, Judge.

Appellant was stopped on April 20, 1986 by a Cobb County police officer and issued a "Uniform Traffic Citation, Summons, Accusation/Warning" charging him with speeding in violation of OCGA § 40-6-181. The citation ordered appellant to appear in court on May 26, 1986 to answer the charge of driving at 58 m.p.h. in a 45 m.p.h. zone,

---

an offense falling within the jurisdiction of the Traffic Violations Bureau of Cobb County as created pursuant to OCGA § 40-13-50 et seq. On April 23, 1986 appellant filed in the Traffic Violations Bureau of Cobb County a demand for speedy trial by jury, identifying the charge against him by "ticket/accusation" number. On May 1, 1986 the Clerk of the State Court of Cobb County, in the capacity of supervisor of the traffic violations bureau, notified appellant that his appearance date had been changed to June 9, 1986 since May 26 was a legal holiday. Appellant's attorney appeared in traffic court on that date and again filed a demand for jury trial. On June 10, 1986 the Uniform Traffic Citation was filed in the criminal division of the state court clerk's office and was docketed. Appellant filed a motion for discharge and acquittal on August 7, 1986 in the State Court of Cobb County pursuant to OCGA § 17-7-170, and a hearing was held thereon. It was stipulated that following the filing of appellant's jury demands there were at the March-April and May-June terms of court jurors impaneled and qualified to try appellant, and that appellant was not placed on trial during either term. The trial court denied appellant's motion for discharge, ruling that no accusation could be found against him under OCGA § 17-7-170 while the case was still within the jurisdiction of traffic violations bureau and, thus, the jury demand was prematurely filed. This appeal is brought from that judgment.

A demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred, and it has been settled that a Georgia Uniform Traffic Citation, Summons, Accusation/Warning issued pursuant to OCGA § 40-13-1 itself contains the accusation. OCGA § 40-13-24; *Majia v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) (1985), aff'd, 254 Ga. 660 (333 SE2d 834) (1985). OCGA § 17-7-71 provides that misdemeanor cases may be tried upon an accusation, and OCGA § 17-7-70 also allows certain felony cases to be tried upon an accusation. However, OCGA § 40-13-60 specifies that "[a]ny traffic violation under the jurisdiction of the traffic violations bureau shall be characterized and classified as a traffic violation and shall not be considered as a misdemeanor." See *Daniel v. State*, 169 Ga. App. 722 (2) (314 SE2d 737) (1984). OCGA § 40-13-61 requires all records of such traffic violations to be maintained at the traffic violations bureau of the court, and prohibits the entering of an accusation on the misdemeanor docket maintained by the clerk of the court. OCGA § 40-13-62 establishes that the traffic violations bureau loses jurisdiction only in the event the defendant fails to appear to answer the charges against him, in which case "a bench warrant shall issue based on the accusation [and the] case shall be docketed by the clerk of the court and handled as all other misdemeanors."

Clearly, then, such a traffic violation can be construed neither as a misdemeanor nor a felony, particularly where equating the filing of the citation in the traffic violations bureau with the filing of an accusation is concerned. See *Duncan v. Ricketts*, 232 Ga. 89 (205 SE2d 274) (1974). Thus, while under *Majia*, supra, the citation filed by the solicitor's office in the state court constituted an accusation, in the instant case the accusation was not filed or "found" as contemplated by OCGA § 17-7-170 until the traffic violation was docketed as a misdemeanor criminal case in the state court on June 10, 1986. In *State v. Spence*, 179 Ga. App. 750, 752 (347 SE2d 612) (1986), this court noted that *Majia* and *Collins v. State*, 154 Ga. App. 651 (1) (269 SE2d 509) (1980), "appear to stand for the general proposition that an accusation embodied in an existing uniform traffic citation is 'found' within the meaning of OCGA § 17-7-170 (a) at the moment *any court which is lawfully entitled to do so* asserts its jurisdiction over the case." (Emphasis supplied.) The court then held in *Spence* "that the issuance by the clerk of the state court of the notice directing him to appear in that court on a specified date for arraignment constituted a sufficient exercise of jurisdiction over the case by that court to support the filing of the demand." Id.

Therefore, just as the protection conferred by OCGA § 17-7-170 does not attach until a formal indictment or accusation is filed (see *State v. Hicks*, 183 Ga. App. 715 (359 SE2d 712) (1987)), it is not until the traffic violations bureau loses jurisdiction to the state court under OCGA § 40-13-62 that a uniform traffic citation becomes an accusation and is "found" for purposes of OCGA § 17-7-170.[1] It follows that the trial court correctly held that appellant's jury trial demand was prematurely filed.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur in judgment only.*

DECIDED JULY 7, 1987.

*Michael Anderson*, for appellant.
*Patrick H. Head, Solicitor, Phillip M. Goldstein, Melodie H. Clayton, Assistant Solicitors*, for appellee.

---

[1] OCGA § 17-7-170 has been amended effective July 1, 1987 to provide that a demand for trial shall be served on the prosecutor and shall be binding only in the court in which it is filed, except where the case is transferred from one court to another without a request from the defendant. Ga. L. 1987, p. 841, § 1.