S98A0392. KELLEY v. DEPARTMENT OF HUMAN RESOURCES.
(498 SE2d 741)

SEARS, Justice.

In this interlocutory appeal, we conclude that there is no constitutional right to a jury trial associated with a petition filed in the Superior Court by the Department of Human Resources pursuant to OCGA § 19-11-12, seeking the adoption of an agency recommendation that a child support order be modified. Therefore, we affirm.

Ralph Kelley and Linda Owens were granted a divorce by the Butts County Superior Court in 1985. The decree awarded Owens custody of the couple's child, and instructed Kelley to make weekly child support payments of $35. In 1997, Owens initiated a Department of Human Resources ("DHR") agency review request for an increase in child support, pursuant to OCGA § 19-11-12. DHR conducted a financial review, as required by section 19-11-12, and found a significant inconsistency between the child support awarded in the original decree and the amount that would result from an application of the statutory guidelines prescribed in OCGA § 19-6-15.[1] After also finding that no special circumstances existed, and that Kelley was in arrears in his support obligations, DHR issued a recommendation that Kelley's child support obligations be increased by approximately $430 per month, and that he be ordered to pay his arrearage.

DHR then filed a petition asking the superior court to adopt its recommendations.[2] In addition to filing an answer and counterclaim, Kelley requested a jury trial on DHR's petition. After a hearing, the trial court denied Kelley's jury trial request, and granted a certificate of immediate review. This Court then granted Kelley's interlocutory application to appeal in order to consider whether the trial court erred in ruling that there is no constitutional right to a jury trial under OCGA § 19-11-12.

1. Our Georgia Constitution does not confer a fundamental right to a trial by jury in all cases, but rather only where such a right

---

[1] See OCGA § 19-11-12 (a) (1991 and Supp. 1997).
[2] See OCGA § 19-11-12 (C) (4).

existed in common law at the time of the Constitution's adoption.[3] Furthermore, the constitutional guarantee of a jury trial does not apply to special statutory proceedings which were unknown at the time of the first Constitution, but were created by the legislature subsequent to the Constitution's enactment.[4]

Actions for child support were unknown at the time the first State Constitution was enacted, and there is no right to a jury trial in an action to enforce such support obligations.[5] Because child support actions did not exist in common or statutory law at the time of the first Constitution, the same is true of actions for the modification of child support obligations. In fact, actions for the modification of child support payments were created by the General Assembly in 1955, when it enacted OCGA § 19-6-19.[6] The statutory proceeding at issue in this case, an agency review and modification of child support obligations, was created by the General Assembly in 1973, when it enacted OCGA § 19-11-12 as part of the Child Support Recovery Act.[7] When enacting section 19-11-12, the General Assembly did not provide for a jury trial. If the right to a jury trial did not exist at common law, and thus is not guaranteed under our State Constitution,[8] it must be conferred by the legislature. As stated, that did not occur here. Accordingly, we agree with the trial court that there is neither a fundamental constitutional nor a statutory right to a trial by jury in a child support modification proceeding brought under OCGA § 19-11-12.

2. Kelley urges that a jury trial is demanded under section 19-11-12, when that Code section is compared to OCGA § 19-6-19. Section 19-6-19, which provides a means for former spouses to seek a revision of child support obligations due to a change in circumstances, specifically provides for a jury trial.[9] We disagree with Kelley's argument for several reasons.

First, while section 19-6-19 was enacted in order to allow parents to initiate a proceeding for support modification, section 19-11-12 was enacted as part of the Child Support Recovery Act[10] in response to a federal mandate requiring each State to establish procedures for its child support agency to review and adjust certain child

---

[3] *Hill v. Levenson*, 259 Ga. 395 (383 SE2d 110) (1989); *Wright v. Davis*, 184 Ga. 846, 852 (193 SE 757) (1937).

[4] *Strange v. Strange*, 222 Ga. 44, 47 (148 SE2d 494) (1966); *Metropolitan Cas. Ins. Co. v. Huhn*, 165 Ga. 667 (142 SE 121) (1928).

[5] *Strange*, 222 Ga. at 46.

[6] We note that OCGA § 19-6-19 does specifically provide for a trial by jury, and this disparity with OCGA § 19-11-12 is discussed in Divisions 2 and 3, infra.

[7] Ga. L. 1973, p. 192, § 1.

[8] See Ga. Const. (1983), Art. I, Sec. I, Par. XI.

[9] OCGA § 19-6-19 (a).

[10] OCGA § 19-11-1 et seq.

support orders.[11] Thus, even though they both relate to the modification of child support obligations, we conclude that Code sections 19-11-12 and 19-6-19 are two separate statutes enacted for different legislative purposes.

Moreover, because we presume that all statutes are enacted with the legislature's full knowledge of the existing law,[12] we must conclude that the legislature intended to differentiate section 19-11-12 from the previously existing section 19-6-19 when it provided that, in actions brought under section 19-11-12, the trier of fact shall be "the administrative law judge for administrative orders, or a judge of the superior court for court orders, as the case may be."[13]

Furthermore, we construe these two Code sections to be consistent, rather than inapposite to one another as urged by Kelley. The provisions in the Child Support Recovery Act, including section 19-11-12, are "in no way exclusive" and are "in addition to, and not in substitution of, other provisions provided by law."[14] Nothing in the Child Support Recovery Act indicates that section 19-11-12, which requires DHR to review child support orders and provide child support enforcement services for applicants,[15] is intended to be a substitute for a parent-initiated modification proceeding brought under section 19-6-19. In this regard, we note that parents are free to pursue all available remedies to enforce or modify child support obligations,[16] and that if either parent desires, the Code does not preclude them from seeking a jury trial for a modification proceeding under section 19-6-19, regardless of whether an agency review also has been initiated pursuant to section 19-11-12.

Accordingly, we conclude that the review and modification proceedings of OCGA § 19-11-12 are reconciled to and consistent with the modification proceedings set forth in OCGA § 19-6-19.

3. We also disagree with Kelley's assertion that the trial court's denial of his request for a jury trial violated his rights of equal protection under our State and Federal Constitutions.[17] The Equal Protection Clause, of course, prohibits the State from treating similarly situated individuals differently by creating disparate categories among them.[18] Kelley argues that because jury trials are allowed in private modification actions, but denied in agency review and modification proceedings, a separate classification has been created for liti-

---

[11] See OCGA § 19-11-12 (b); 42 USC § 666 (a).
[12] *Chrysler Corp. v. Batten*, 264 Ga. 723 (450 SE2d 208) (1994).
[13] OCGA § 19-11-12 (d).
[14] OCGA § 19-11-22.
[15] See OCGA §§ 19-11-5; 19-11-6 (a), (c).
[16] See *State v. Overstreet*, 170 Ga. App. 635, 636 (318 SE2d 65) (1984).
[17] See Ga. Const. (1983), Art. I, Sec. I, Par. II; U. S. Const., Amend. XIV.
[18] *Woodard v. State*, 269 Ga. 317 (496 SE2d 896) (1998).

gants in section 19-11-12 proceedings, in derivation of the guarantee of equal protection under the law.

As explained in Division 1 above, there is no fundamental right to a jury trial associated with a section 19-11-12 agency review proceeding. Hence, the Equal Protection Clause is satisfied so long as any classification drawn by the statute, "under any conceivable set of facts . . . bears a rational relation to a legitimate end of government."[19] Section 19-11-12 complies with the federal mandate that requires States to put in place effective procedures whereby every three years, the State conducts a review of support orders being enforced and, if appropriate, adjusts those orders in accordance with current statutory guidelines established for the determination of appropriate child support award amounts.[20] Such reviews must be conducted taking into account the best interest of the child involved.[21] Accordingly, we find that any distinction drawn by section 19-11-12's designation of the trial judge as the trier of fact in this matter is supported by the legitimate governmental goals of (1) effectively and efficiently complying with the federal mandate described above, and (2) ensuring that the State oversees the maintenance and enforcement of child support awards in amounts that will protect the interests of the children involved.

Moreover, as discussed above, any distinction drawn by section 19-11-12's denial of a jury trial is of limited impact, as a jury trial may be sought in a modification proceeding brought under section 19-6-19, which may be initiated by either parent regardless of whether a concurrent review action has been brought under section 19-11-12.

*Judgment affirmed. All of the Justices concur.*

DECIDED APRIL 13, 1998.

*William A. Fears,* for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General,* for appellee.

---

[19] *City of Atlanta v. Watson,* 267 Ga. 185, 188 (475 SE2d 896) (1996).
[20] See 42 USC §§ 666 (a) (10) (A) (I); 667 (a) (Supp. 1998).
[21] 42 USC § 666 (a) (10) (A) (I).