## S02A1313. GENG v. THE STATE.
(578 SE2d 115)

THOMPSON, Justice.

John Geng, Jr., appeals his conviction for speeding, challenging the constitutionality of the statutes upon which the trial court relied

---

in denying his request for a jury trial. Because Geng was entitled to trial by jury in accordance with Art. I, Sec. I, Par. XI of the Georgia Constitution, we reverse the judgment below.

Geng was stopped by a City of Atlanta police officer and was issued a uniform traffic citation for speeding. The citation charged Geng with violating OCGA § 40-6-181 of Georgia's Motor Vehicle Code in that he was driving his vehicle 80 mph in an area with a posted speed limit of 55 mph. This offense constitutes a misdemeanor under state law. Geng was ordered to appear to answer the charge in the City Court of Atlanta. He filed a proper written demand for jury trial in that court. His demand was denied and his case was transferred to the City Court of Atlanta traffic violations bureau for disposition. Geng moved for reconsideration, asserting that the deprivation of trial by jury violated Art. I, Sec. I, Par. XI of the Georgia Constitution, and denied him equal protection of the law under both the federal and Georgia Constitutions; reconsideration was denied. Geng was tried before a judge in the traffic violations bureau, was found guilty of speeding, and was fined $315. The sentencing order contained in the record on appeal also specified that upon default of such payment, a six-month period of incarceration is to be imposed.

1. *Traffic violations bureau.*

The traffic violations bureau was established in the City Court of Atlanta, pursuant to the authority of OCGA § 40-13-50 et seq. Under that statutory scheme, the judges of a court of this state having jurisdiction over the violation of traffic laws or ordinances, may provide for the establishment of a traffic violations bureau for the disposition of certain traffic offenses, a list of which is to be determined by those judges. OCGA § 40-13-50. It is further provided that a charge brought in the traffic violations bureau is to be "classified as a traffic violation and shall not be considered as a misdemeanor," and "[w]here a defendant demands a trial on a traffic violation, it shall be tried before a judge of the court which established the traffic violations bureau." OCGA § 40-13-60. Finally, if a person cited for a traffic violation under the statute fails to appear in court as ordered, the traffic violations bureau loses jurisdiction and the case is forwarded to the prosecuting attorney of the court who shall have an accusation issued against that person, and the case will thereafter be "handled as all other misdemeanors." OCGA § 40-13-62. Geng's demand for a jury trial was denied based on the language of OCGA § 40-13-60.

2. *Constitutional right to trial by jury.*

Article I, Section I, Paragraph XI of the Georgia Constitution of 1983 guarantees a defendant in a criminal case the "inviolate" right to a "public and speedy trial by an impartial jury."

OCGA § 40-13-60 restricts an offender whose case is disposed of

in the traffic violations bureau to trial before a judge.[1] Geng was initially charged with the misdemeanor offense of speeding and those charges were not transferred to the traffic violations bureau until after Geng's demand for a jury trial was filed. Thus, until the transfer, the case proceeded as a routine misdemeanor speeding offense and the right to jury trial attached when Geng filed his timely written demand.[2] See *Gregg v. State*, 253 Ga. App. 243 (2) (a) (558 SE2d 729) (2001) (in a jurisdiction without a traffic violations bureau, the offense of speeding is treated as a misdemeanor).

According to the sentencing order, Geng faced the risk of six months incarceration should he fail to pay the ordered fine. The statute also requires referral to the prosecuting attorney for issuance of an accusation and prosecution as a misdemeanor offense should one fail to appear to answer the charges.[3] OCGA § 40-13-62.

It is of no consequence that OCGA § 40-13-60 characterizes the offense as a "traffic violation" rather than a "misdemeanor," when in fact the potential exists for prosecution as a misdemeanor under the statute. The offense of speeding is a misdemeanor under state law, and we do not believe the constitutional right to a jury trial can be eradicated simply by allowing the judges of the City Court of Atlanta to give it another designation. See generally *Clark v. State*, 157 Ga. App. 486 (277 SE2d 738) (1981) (a jury trial is required for violation of a county ordinance which is also a misdemeanor under state law).

We agree with the State that the general statutory scheme creating and implementing traffic violations bureaus (OCGA § 40-13-50 et seq.) benefits our judicial system by allowing summary disposition of certain offenses thus freeing up resources in an overcrowded court system, and also benefits traffic violators by reducing the severity of their offenses. Nonetheless, we hold that OCGA § 40-13-60 manifestly infringes on Art. I, Sec. I, Par. XI of the Georgia Constitution, insofar as it denies a criminal defendant who is subject to potential punishment as a misdemeanant the right to trial by jury. Our ruling today extends only to those offenses which are charged as misdemeanors under our State Code; it does not encompass crimes which are solely violations of local or municipal ordinances. The distinction was made in *Giles v. Gibson*, 208 Ga. 850 (69 SE2d 774) (1952). See

---

[1] We note that OCGA § 40-13-60 is somewhat ambiguous in that it does not specifically exclude trial by jury. At oral argument, appellant offered documentation that another defendant in the City of Atlanta traffic violations bureau was granted a jury trial by another judge. However, for purposes of this appeal, we will assume that the statute entitles a violator to trial before a judge only.

[2] The City Court of Atlanta is a state court of limited jurisdiction and is authorized to conduct jury trials pursuant to Ga. Laws 1996, p. 627 et seq.

[3] It is anomalous indeed that Geng could insure his right to a jury trial by failing to appear in the traffic violations bureau to answer the charges.

also *Dollar v. State*, 160 Ga. App. 759 (288 SE2d 42) (1981); *Evans v. City of Tifton*, 138 Ga. App. 374 (226 SE2d 471) (1976). Compare *Clark*, supra (where offense is a violation of a county ordinance as well as a misdemeanor under state law there is concurrent jurisdiction).

That is not to say that the remainder of the statutory scheme must be invalidated.

> If the statute is in part constitutional and valid, and in part unconstitutional and invalid . . . the courts will uphold it in part, when it is reasonably certain that to do so would correspond with the main intent and purpose which the legislature sought to accomplish by its enactment, if, after the unconstitutional part is stricken, there remains enough to accomplish that purpose.

*Rich v. State of Ga.*, 237 Ga. 291, 303 (7) (227 SE2d 761) (1976). See also *Maples v. City of Varnell*, 244 Ga. 163, 164 (259 SE2 94) (1979) ("legislative intent should be effectuated rather than declare the Act as a whole inoperative"). We do not believe that eliminating the language in OCGA § 40-13-60 which seemingly restricts a traffic violator to a bench trial would undermine the general intent and overall scheme of this Act. An offender may elect to have his case summarily disposed of in the traffic violations bureau; but one who files a proper demand for jury trial is guaranteed that right under our constitution. We therefore conclude that the offensive portion of OCGA § 40-13-60 may be severed, and the remainder of the Act (OCGA § 40-13-50 et seq.) as a whole is not void for any of the reasons urged by Geng.

3. We need not address Geng's remaining grounds for reversal.

*Judgment reversed. All the Justices concur, except Benham, Carley and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

As the majority opinion essentially rewrites the statute involved in a manner designed to render it unconstitutional, I respectfully dissent.

"It is a fundamental principle of statutory construction that if possible a statute will be construed in such a way as to find it constitutional." *Garner v. Harrison*, 260 Ga. 866, 869 (2) (400 SE2d 925) (1991). In this case, however, the majority opinion ignores the specific language of the statute, and apparently does so solely to reach the conclusion that the statute is unconstitutional.

The essential flaw in the majority opinion is its failure to recognize that in establishing the traffic violations bureau scheme, the General Assembly established a new category of crime — a traffic

violation within the jurisdiction of a traffic violations bureau — that is not a felony, and is not a misdemeanor. The General Assembly has specifically stated that such an offense is "characterized and classified as a traffic violation and shall not be considered as a misdemeanor." OCGA § 40-13-60. This Court has previously held that such a traffic violation is neither a felony, nor a misdemeanor. *Duncan v. Ricketts*, 232 Ga. 89, 91-92 (205 SE2d 274) (1974). See also *Keller v. State*, 183 Ga. App. 717, 719 (359 SE2d 714) (1987). And in the traffic violations bureau, trial is not before a jury, but before a judge alone. OCGA § 40-13-60. It is within the General Assembly's power to establish this category of crime, and to provide for trial without a jury in this instance.

The majority is incorrect in finding that Article I, Section I, Paragraph XI of the Georgia Constitution of 1983 guarantees a jury trial in this instance. That provision proclaims that the right to a jury trial "shall remain inviolate," but the provision does not apply in this case. Rather, it upholds the right to a jury trial that existed under common law at the time of the State's adoption of the first Constitution. *Kelley v. Dept. of Human Resources*, 269 Ga. 384 (1) (498 SE2d 741) (1998). Accord *Hill v. Mayor &c. of Dalton*, 72 Ga. 314, 319 (1884) (concerning criminal violation of a city ordinance). Speeding was not a known offense in the common law prior to our first Constitution.

Although the majority states that speeding is a misdemeanor, and that Article I, Section I, Paragraph XI protects the right to a jury trial when one is charged with a misdemeanor, the simple fact is that Geng did not face a misdemeanor charge, and he was not convicted of a misdemeanor. Once an offense is in the traffic violations bureau's jurisdiction, it is "characterized and classified as a traffic violation and shall not be considered as a misdemeanor." OCGA § 40-13-60. Compare *Clark v. State*, 157 Ga. App. 486 (277 SE2d 738) (1981). As the majority notes, it is after the traffic violations bureau loses jurisdiction that the case is forwarded to the prosecuting attorney, an accusation is filed, and the case is *thereafter* treated as a misdemeanor. OCGA § 40-13-62. But within the jurisdiction of the traffic violations bureau, the violation is not a misdemeanor. Thus, Article I, Section I, Paragraph XI's "inviolate" protection of the right to a jury trial in cases of State misdemeanor and felony crimes does not apply to violations under the jurisdiction of the traffic violations bureau. OCGA § 40-13-60's provision that the defendant's trial is before a judge alone does not violate Article I, Section I, Paragraph XI of the 1983 Constitution.

Further, the Constitution of the United States does not require a jury trial in this instance either. The Sixth Amendment to the Constitution of the United States provides that: "In all criminal prosecu-

tions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." However, "[i]t has long been settled that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.' [Cits.]" *Blanton v. City of North Las Vegas*, 489 U. S. 538, 541 (109 SC 1289, 103 LE2d 550) (1989). It is presumed that offenses carrying a maximum sentence of six months are petty offenses, id. at 543, and a maximum fine of $1,000 is well under the level that would render the offense nonpetty and trigger the right to a jury trial. Id. at 544-545. See also *Smith v. Greene*, 274 Ga. 815, 817 (559 SE2d 726) (2002) (maximum punishment of $500 fine and sentence of 60 days constituted petty offense).

In determining whether an offense is a petty offense, it does not matter whether the offense is a violation of a State law or a violation of a municipal ordinance. See *Duncan v. Louisiana*, 391 U. S. 145 (88 SC 1444, 20 LE2d 491) (1968). See also *Blanton*, supra. Pursuant to the schedule of fines adopted for the traffic violations bureau, Geng faced only a fine of $315. Thus, he was accused of only a petty offense, and he did not have a right to a jury trial under the Sixth Amendment.

Contrary to the majority's characterization, it is not the judges of the City Court of Atlanta that have determined that traffic offenses in traffic violations bureaus will not be misdemeanors. That decision was made by the General Assembly establishing the statutory scheme. Yet the majority gives no deference to that decision, but substitutes its own determination that "[t]he offense of speeding is a misdemeanor under state law. . . ." In doing so, the majority gives all convictions for speeding (and other traffic violations within traffic violations bureaus) the status of misdemeanor. Whether a defendant elects to plead guilty or forfeit his bond in a traffic violations bureau, or is tried before a jury in superior court, the majority labels him a misdemeanant, regardless of the General Assembly's mandate to the contrary.

The majority also purports to confine the constitutional invalidity to that portion of OCGA § 40-13-60 which provides that trials in traffic violations bureaus cases will be before a judge only. But the majority has rendered void the statutory pronouncement that an offense within the traffic violations bureau is "characterized and classified as a traffic violation and shall not be considered as a misdemeanor." OCGA § 40-13-60. Voiding this provision calls into question the statute's declaration that traffic offenses in a traffic violations bureau are not to be recorded on the misdemeanor docket and that no accusation is to be taken or maintained by the prosecuting attorney, unless the defendant does not post a bond or fails to appear. See OCGA § 40-13-61.

The majority bases its outcome on the contention that Geng was

fined $315, and that the "sentencing order" specified that he would be subject to a six-month period of incarceration if he failed to pay that fine. But the "sentencing order" to which the majority refers does not bear Geng's name; all "name" fields on the form have been left blank. Nor does it show any case number that might indicate that it pertains to Geng. The form also states "For Clerk's Use Only," and there is nothing on the form to indicate that it should take precedence over the sentence imposed by the court. At trial, the court pronounced that the fine would be $315, "in accordance with [the] schedule of fines," and specifically noted that there was "no jail sentence imposed in connection with this fine in accordance with the schedule of fines. . . ." The schedule of fines shows a $315 fine for going 21 to 30 miles over the speed limit; it says nothing about incarceration. The only sentence Geng faced was a $315 fine. The charge of speeding in the traffic violations bureau was merely a petty offense, and there was no constitutional requirement that Geng have a jury trial available to him.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED MARCH 10, 2003 —<br>RECONSIDERATION DENIED APRIL 10, 2003.

*Jackie G. Patterson*, for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.

*Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito*, amicus curiae.