## A04A2184. SMITH v. THE STATE.

(608 SE2d 35)

ELDRIDGE, Judge.

Peter J. Smith, pro se, was convicted at a bench trial in the Traffic Violations Bureau of the State Court of Coweta County ("TVB") upon one count of following too closely (OCGA § 40-6-49), one count of failure to maintain lane (OCGA § 40-6-48), and one count of driving too fast for conditions (OCGA § 40-6-180). He was sentenced concurrently to 12 months probation, fines of $1,250 ($1,000, $125, $125), and the suspension of his driver's license for six months. He appeals claiming that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. Because Smith raises his claim for the first time on appeal through appellate counsel, the record is insufficient to determine whether Smith knowingly, voluntarily, and intelligently waived his right to a jury trial. Consequently, the judgment must be vacated and the case remanded for an evidentiary hearing thereon.

The Supreme Court of Georgia has held OCGA § 40-13-60 unconstitutional to the extent it may be interpreted as limiting a traffic violator to a bench trial, *Geng v. State*, 276 Ga. 428, 431 (2) (578 SE2d 115) (2003),[1] this for "den[ying] a criminal defendant who is subject to potential punishment as a misdemeanant[,] the right to trial by jury." Id. at 430 (2). Nonetheless, the intent and scheme of this Code section remains intact. Id. at 431. Pertinently, "[a]n offender may elect to have his case summarily disposed of in the [TVB]; but one who files a proper demand for jury trial is guaranteed that right under our constitution." Id. Given the foregoing, to elect summary disposition before the TVB in lieu of filing a demand for a jury trial de facto waives the right to a jury trial as a misdemeanant. It is well settled, however, that "[a] criminal defendant must personally and intelligently participate in the waiver of his [constitutional] right to a jury trial. [*Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996), citing *Patton v. United States*, 281 U. S. 276 (50 SC 253, 74 LE 854) (1930).]" *Whitaker v. State*, 244 Ga. App. 241, 243 (4) (535 SE2d 283) (2000).

In the event that a defendant questions the waiver of such right, it is the State's burden to show that the waiver was knowingly and intelligently made: "(1) by showing on the record that the defendant

---

[1] The Supreme Court reasoned that the reclassification of a misdemeanor traffic offense as a "traffic violation" under OCGA § 40-13-60 does not foreclose the constitutional right to a jury trial because the "potential exists for prosecution as a misdemeanor under the statute[,]" *Geng v. State*, supra at 430 (2), i.e., the TVB loses jurisdiction over a person cited for a traffic violation under the statute who fails to appear in court as ordered and the matter is thereafter processed as a misdemeanor, OCGA § 40-13-62, or an offender may file a proper demand for jury trial in lieu of proceeding summarily before the TVB. *Geng v. State*, supra at 431.

was cognizant of the right being waived; or (2) by filling a silent or incomplete record [with] extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citation and punctuation omitted.) *Jones v. State*, 212 Ga. App. 676, 679 (2) (442 SE2d 908) (1994); *Bostic v. State*, 252 Ga. App. 242, 243 (1) (555 SE2d 894) (2001).

The record shows that Smith twice was given written notice that he could elect to have his case tried summarily by bench trial before the state court sitting as the TVB or that he could elect jury trial before the state court upon proper demand, one such notice advising him to direct any questions he had concerning such election to the TVB. Smith acknowledged receipt of both documents by his signature on each. While the record shows that Smith pled *not guilty* before the TVB by his signature following a rights advisement on the Uniform Traffic Citations at issue, among other things, waiving his right to a jury trial, no waiver of the right to a jury trial obtained because the rights advisement was tailored not to a plea of not guilty, as here, but to a guilty plea.[2] *Keegan v. State*, 221 Ga. App. 487, 488 (2) (472 SE2d 107) (1996); compare *Smith v. State*, 230 Ga. App. 151, 153 (3) (495 SE2d 624) (1998) (right to jury trial waived upon Uniform Traffic Citation rights advisement properly tailored to the plea entered in fact).

Consequently, while the record shows that Smith went to a bench trial before the TVB having been advised of his right to a jury trial and that he made no demand for a jury trial, nothing of record affirmatively shows that he did so upon a knowing and voluntary waiver of the jury trial right. Importantly, although Smith proceeded pro se in the TVB, there is no showing in the record as to whether the TVB asked him if he wished to waive his right to a jury trial. Neither is there any showing that Smith was informed of the various aspects of the right to a jury trial and of the general consequences of relinquishing that right in favor of a bench trial before the TVB, whether by affidavit or open-court colloquy showing that he was knowingly and voluntarily giving up his right to a jury trial. See *Gardner v. State*, 261 Ga. App. 425, 426 (2) (582 SE2d 566) (2003) (While this Court has found such a written waiver to be adequate, waiver in open court is preferred.).

We should point out that in electing to proceed before the TVB the rights advisements given Smith were inclusive of notice of his rights to counsel and the maximum permissible punishment upon the

---

[2] Such rights advisements appeared in that section of the Uniform Traffic Citations denominated "Appearance, Plea of Guilty, and Waiver."

offenses charged against him as misdemeanors;[3] however, there is no meaningful explanation of the TVB's sentencing authority or its status as a trial court sitting alone as a bench trial. See *McCormick v. State*, 222 Ga. App. 753, 755 (1) (476 SE2d 271) (1996) ("[M]any laypersons think a criminal 'trial' naturally includes a jury, and laypersons may not understand that a 'bench' trial does not include a jury."). Moreover, we note that the TVB, in addition to two minor fines, sentenced Smith to twelve months probation, a $1,000 fine, and suspension of his operator's permit. This was beyond its sentencing authority over minor traffic offenses. See OCGA § 40-13-53 (b) (1), (4) (no TVB jurisdiction over offenses for which driver's license subject to suspension by commissioner of motor vehicles or as to which a fine of $500 or more may be imposed[4]); see also *McCants v. State*, 255 Ga. App. 133, 134-135 (2) (564 SE2d 532) (2002), citing OCGA § 40-13-53 ("[TVBs] generally have jurisdiction over minor traffic offenses . . . [and are] nothing more than . . . administrative arm[s] of the court established for the purpose of receiving cash bonds posted by persons charged with traffic offenses under [their] jurisdiction.").

Inasmuch as Smith failed to raise the question of his waiver of the right to a misdemeanor jury trial below, the State is entitled to an opportunity to meet its burden by completing the record with extrinsic evidence sufficient to show the entry of a knowing, voluntary, and intelligent waiver of the right to a jury trial in this case. *Whitaker v. State*, supra at 244. The judgment of conviction is therefore vacated and the case is remanded for an evidentiary hearing upon Smith's claim of error. *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11) (1982). Should the TVB determine that a valid waiver of the right to a jury trial lies, the conviction may be reinstated and so much of the sentence as does not exceed its sentencing authority. *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991). Smith, in such event, would have a right to a new appeal directed to such issues alone. Id.

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 16, 2004 —
RECONSIDERATION DENIED DECEMBER 6, 2004.

*Jackie G. Patterson*, for appellant.

---

[3] Specifically, Smith was advised that the maximum permissible punishment for charges against him as misdemeanors was "12 months in jail and/or a $1,000.00 fine[ ]" under OCGA § 17-10-3 (a) (1).

[4] TVBs lack jurisdiction over "[s]peeding in excess of 30 miles per hour over the posted speed limit." OCGA § 40-13-53 (b) (4). Not more than a $500 fine is authorized for exceeding the speed limit "[b]y 24 or more but less than 34 miles per hour." OCGA § 40-6-1 (b) (6).

*Robert Stokely, Solicitor-General, Seay VanPatten-Poulakos, Monica N. Hamlett, Sandra N. Wisenbaker, Assistant Solicitors-General,* for appellee.