A07A2323. CAPESTANY et al. v. THE STATE.
(656 SE2d 196)

ELLINGTON, Judge.

Pursuant to a granted interlocutory appeal, Carlos Capestany, Melva Hernandez, Raul Dominguez, and Saul Flores-Romero seek to appeal the denial of their petitions for pretrial bail, contending that they are entitled to immediate release on their own recognizance because they did not have "first appearance" hearings and bail hearings within the time required by law. For the following reasons, we affirm.

"The granting or denial of bail will not be set aside unless there is a manifest and flagrant abuse of discretion." (Citation omitted.) *Ayala v. State*, 262 Ga. 704, 705 (425 SE2d 282) (1993).

The record reveals the following facts. On February 28, 2007, police officers executed a search warrant at 97 Shepherds Court in Jefferson. They found a large indoor marijuana growing operation and arrested Dominguez and Flores-Romero, who were found in the basement. On March 2, police officers executed a search warrant at 109 Gold Crest Drive in Braselton, found evidence of a marijuana growing operation in the basement there, and arrested Capestany and Hernandez. On the same day, March 2, a magistrate issued arrest warrants for the appellants for the offenses of manufacturing marijuana, OCGA § 16-13-30,[1] and conspiracy to traffic marijuana, OCGA § 16-13-33. Also on the same day, the appellants each signed a form entitled "First Appearance Hearing Waiver."

---

[1] Because manufacturing a controlled substance is bailable only before a judge of the superior court, OCGA § 17-6-1 (a) (9), the magistrate did not set bail.

Hernandez filed a petition for bail in the superior court on March 6; Dominguez filed a petition on March 15; Flores-Romero filed petitions on March 15 and 20; and Capestany filed petitions on March 15 and 29. On March 26, 2007, the superior court notified the appellants that their bail petitions would be heard on March 29. After the hearing, the superior court denied bail as to each appellant, finding that each posed a flight risk. The superior court also found that the appellants had waived the right to a first appearance hearing. This Court granted the appellants' application for interlocutory review. For the reasons explained below, we conclude that, under the circumstances, the appellants are not entitled to immediate release on their own recognizance regardless of whether they had first appearance hearings and bail hearings within the time allowed by law. Accordingly, we affirm.

A person arrested without a warrant has a constitutional right to have the probable cause for his or her continued detention reviewed by a neutral and detached magistrate as soon as reasonably feasible but, in any event, within 48 hours of the arrest. *County of Riverside v. McLaughlin*, 500 U. S. 44, 55-58 (III) (B) (111 SC 1661, 114 LE2d 49) (1991). This due process right to a so-called "first appearance" or "initial appearance" hearing[2] is satisfied by compliance with OCGA § 17-4-62, which provides:

> In every case of an arrest without a warrant, the person arresting shall, without delay, convey the offender before the most convenient judicial officer authorized to receive an affidavit and issue a warrant as provided for in Code Section 17-4-40. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose; and any person who is not brought before such judicial officer within 48 hours of arrest shall be released.

See also OCGA § 17-4-21.[3] As the Supreme Court of Georgia has held, OCGA § 17-4-62 "does not require that a full adversarial hearing be held following a warrantless arrest. The statute merely seeks to insure that the arrest and continuing detention of an accused is reviewed by a neutral factfinder." *Dean v. State*, 250 Ga. 77, 81 (2) (b)

---

[2] See Uniform Superior Court Rule 26.1 (bail and first appearances); Uniform Magistrate Court Rule 25.1 (initial appearance hearing).

[3] The arresting officer shall take the arrested person before the most convenient and accessible judicial officer authorized to hear the case unless the arrested person requests otherwise, in which case, if there is no suspicion of improper motive, the arresting officer shall take him before some other judicial officer. An arrested person has no right to select the judicial officer before whom he shall be tried. OCGA § 17-4-21.

(295 SE2d 306) (1982).[4] Accordingly, OCGA § 17-4-62 "is satisfied where . . . police obtain an arrest warrant within 48 hours of a valid warrantless arrest," even if the defendant is not taken before the magistrate who issues the warrant. (Citation omitted.) *Dean v. State*, 250 Ga. at 81 (2) (b).

1. The appellants contend that the trial court erred in finding that they waived their first appearance hearing by executing waiver forms. Pretermitting whether the right to a timely first appearance hearing can be waived, we agree that the State failed to carry its burden of proving that the appellants knowingly and voluntarily waived their right to a hearing.[5] As the Attorney General of Georgia cogently summarized in an opinion on this issue:

> It is axiomatic that courts indulge every reasonable pre-sumption against waiver of constitutional or statutory rights. Of course, a waiver is the intentional relinquishment or abandonment of a known right or privilege. Any waiver, therefore, to be effective, must be made knowingly and voluntarily. The determination of whether there has been an intelligent waiver must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.

(Citations and punctuation omitted.) 1988 Op. Atty. Gen. 112 (No. U88-14).

In this case, the "First Appearance Hearing Waiver" form each appellant executed contains the statements that the defendant was advised that he or she had been charged with the offenses listed, that he or she was advised that bail had been denied, that his or her court date was "to be notified," and that he or she had received an application for appointment of counsel. The form then contains the statement, "I hereby waive my right to a first appearance hearing." The

---

[4] In practice, magistrates generally take up additional matters at first appearance hearings. Glenda K. Harnad, 9 Ga. Proc. Criminal Procedure (2007), § 7-21 (at the initial appearance hearing, the magistrate must set the amount of bail if the offense is not one bailable only by a superior court judge, or so inform the accused if it is); Wayne M. Purdom, Georgia Magistrate Court Handbook with Forms (2007-2008), §§ 10-3 (initial appearance hearing, purposes and procedures); 10-4 (required advisement at the initial appearance hearing of rights and charges).

[5] See *Jackson v. State*, 253 Ga. App. 559, 560 (560 SE2d 62) (2002) ("[T]he State bears the burden of showing the waiver [of the right to a jury trial] was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.") (citation and punctuation omitted).

form does not purport to inform the arrestee of the various aspects of the right to a first appearance hearing or the consequences of relinquishing that right. Furthermore, the form does not specify that the waiver is knowing and voluntary. The officers who presented the waiver forms for signature did not testify at the bail hearing regarding the circumstances of the purported waiver. Thus, the record contains no evidence that the appellants' waiver of their due process right to a first appearance hearing was knowing and voluntary. Accordingly, the trial court erred in finding that the appellants waived their first appearance hearing by executing the waiver forms.[6]

2. The appellants contend that the State violated OCGA § 17-4-62 by failing to take them before a magistrate within 48 hours of their warrantless arrest, that the trial court consequently erred in refusing to release them on their own recognizance pending trial, and that this Court should now order them released. As quoted above, OCGA § 17-4-62 provides that any person who is arrested without a warrant and who is not brought before an appropriate judicial officer within 48 hours of arrest "shall be released." Binding precedent clarifies that this means that the defendant shall be released *until a warrant or indictment is obtained*. *Vaughn v. State*, 248 Ga. 127, 130 (1) (a) (281 SE2d 594) (1981); *Peters v. State*, 115 Ga. App. 743, 746 (2) (156 SE2d 195) (1967).[7] Thus, once a warrant is obtained, OCGA

---

[6] See *Smith v. State*, 270 Ga. App. 759, 760-761 (608 SE2d 35) (2004) (vacating convictions of traffic offenses following a bench trial on the basis that the record contained no affirmative evidence that the defendant went to a bench trial upon a knowing and voluntary waiver of the jury trial right where there was neither an affidavit nor open-court colloquy showing that the defendant was informed of the various aspects of the right to a jury trial and of the general consequences of relinquishing that right and was asked whether he wished to waive his right to a jury trial); *Jenkins v. State*, 259 Ga. App. 47, 48-49 (1) (576 SE2d 300) (2002) (vacating convictions after a bench trial and remanding for determination of whether the defendant waived his right to a jury trial knowingly, voluntarily, and intelligently where the record contained forms that said only "Comes now the defendant above-named and herein waives his right to a Trial by Jury and makes his/her request for a trial by the Court" or "makes his request for a non-jury"); *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000) (vacating convictions after a bench trial and remanding for determination of whether the defendant waived his right to a jury trial knowingly, voluntarily, and intelligently where the record contained a handwritten notation, I " 'waive my right to a jury trial' "; before a trial judge accepts a written waiver of the right to a jury trial, "it would be preferable for the . . . judge to question the defendant on the record to ensure that the defendant personally has made a voluntary, knowing, and intelligent waiver of his or her right to a jury trial. A few questions directed to the defendant by the trial judge would protect the right and help to avoid subsequent claims that the right was not personally, voluntarily, knowingly, and intelligently waived."). Cf. *Stanley v. State*, 267 Ga. App. 379, 379-380 (599 SE2d 331) (2004) (affirming conviction after a bench trial where the record contained the defendant's affidavit that she "knowingly and willfully waiv[ed] [her] right to a jury trial" and her attorney's affidavit to the same effect; although a "waiver in open court is preferred" a written waiver may be adequate) (citation and punctuation omitted); *Gardner v. State*, 261 Ga. App. 425, 426 (2) (582 SE2d 566) (2003) (accord); *Jackson v. State*, 257 Ga. App. 715, 717 (4) (572 SE2d 60) (2002) (accord).

[7] See also *Taylor v. Chitwood*, 266 Ga. 793 (1) (471 SE2d 511) (1996) (affirming denial of a criminal defendant's petition for writ of habeas corpus where defendant did not receive a first

§ 17-4-62 does not require that the defendant be released for being deprived of a timely first appearance hearing.

In this case, the record shows that the magistrate issued arrest warrants for Capestany and Hernandez within 48 hours of their arrest. As to them, OCGA § 17-4-62 was satisfied. *Dean v. State*, 250 Ga. at 81 (2) (b). With regard to Dominguez and Flores-Romero, the record shows that the magistrate issued arrest warrants on the second day after the men were arrested. We cannot determine from evidence in the record, however, whether the warrants were obtained within 48 hours after the arrest. If the warrants were obtained within 48 hours, OCGA § 17-4-62 was satisfied. Id. Even if the warrants were obtained more than 48 hours after the arrest in violation of OCGA § 17-4-62, however, the statutory remedy for the violation was only available during the period of illegal detention, which ended when the State obtained valid arrest warrants from a neutral and detached magistrate.[8] Id. Based on this record, the appellants were not entitled to be released on their own recognizance as a remedy for the delay in obtaining a review by an appropriate judicial officer of the issue of whether the arrest and continuing detention of the appellants was based on probable cause. Id.

3. The appellants contend that the State violated OCGA § 17-6-1 (d), which requires the superior court to act on a bail motion within ten days of receiving the petition, and again argue that they are entitled to be released on their own recognizance as a result.[9] Because OCGA § 17-6-1 (d) does not provide this or any other remedy for the failure to conduct a timely hearing, however, the appellants' argument fails. See OCGA § 17-4-26 (providing for a first appearance hearing within 72 hours after an arrest under a warrant); *Pennaman v. Walton*, 220 Ga. 295, 297 (138 SE2d 571) (1964) (because OCGA § 17-4-26 "imposes no penalty if the arresting officer fails to take the accused before a committing officer within 72 hours, nor is there any

---

appearance hearing within 72 hours of being jailed; "the failure to hold a timely first appearance hearing provides no basis for release once the defendant has been indicted and had an opportunity to seek bail"); *Middlebrooks v. State*, 135 Ga. App. 411, 413 (2) (218 SE2d 110) (1975), rev'd on other grounds, 236 Ga. 52 (222 SE2d 343) (1976) (Where the arrest is without a warrant and the defendant does not receive a timely first appearance hearing, "the defendant is simply discharged. This would not prevent the subsequent issuance of a warrant (or another warrant) and the resumption of prosecution.").

[8] See *Shepherd v. Dampier*, 231 Ga. 759 (204 SE2d 295) (1974) (denial of habeas corpus affirmed where petitioner's sentence had expired); *Dismuke v. State*, 229 Ga. 347, 348 (190 SE2d 915) (1972) ("[t]he writ of habeas corpus is available to test present confinement only"; a writ will not be issued if an illegal detention is legitimated by later proceedings, as by conviction) (citation omitted).

[9] "A person charged with any offense which is bailable only before a judge of the superior court as provided in subsection (a) of this Code section may petition the superior court requesting that such person be released on bail. The court shall notify the district attorney and set a date for a hearing within ten days after receipt of such petition." OCGA § 17-6-1 (d).

provision that the offender is to be released if no committal hearing was held within 72 hours," an arrestee deprived of a timely first appearance was not entitled to immediate release).

For the foregoing reasons, the appellants are not entitled to the relief they seek, that is, release on their own recognizance pending trial.[10] The appellants having raised no challenge to the trial court's finding that bail be denied due to the risk that the appellants will flee the jurisdiction, the order is affirmed.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED DECEMBER 19, 2007.

*Arturo Corso, Joe R. Diaz*, for appellants.

*Timothy G. Madison, District Attorney, James B. Smith, Assistant District Attorney*, for appellee.

---

[10] The issue of whether an arrestee in the appellants' position may be entitled to some other kind of relief is not before us. See *County of Riverside v. McLaughlin*, 500 U. S. at 48-50 (I) (recognizing that an arrestee suffers a personal injury that may be actionable as a civil rights violation when the arrestee is held in violation of the constitutional requirement of a prompt probable cause determination); *Taylor v. Chitwood*, 266 Ga. at 794 (Sears, J., concurring) (failing to adhere to the mandatory language of Uniform Superior Court Rule 26.1 may subject the State to civil litigation); *French v. State*, 99 Ga. App. 149, 151 (5) (107 SE2d 890) (1959) ("an arresting officer may be liable in damages for false arrest and imprisonment where he detains the defendant in an illegal manner"); *Bunyon v. Burke County*, 306 FSupp.2d 1240, 1251 (2) (S.D. Ga. 2004) (where sheriff had policy of not accepting bail on behalf of certain detainees until he received notification that a court date had been set, even if that was longer than the time allowed, county could be held liable for due process violation).